Cayuga county does not make her a resident of that county within the meaning of section 984 of the Code. The motion is granted, with ten dollars costs.

Motion granted.

---

DONALD D. BOYD, Plaintiff, *v.* BUFFALO STEAM ROLLER COMPANY, Defendant.

(County Court, Erie County, September, 1914.)

Judgments — requirement that assignment of judgment shall be filed — motion to set aside order when granted — charging judgment debtor with constructive notice of record — Code Civ. Pro., §§ 1270, 2446.

The law does not require that an assignment of a judgment shall be filed.

The fact that section 1270 of the Code of Civil Procedure requires the county clerk to make a record of the assignment of a judgment when filed does not charge the judgment debtor with constructive notice of said record.

Plaintiff, after a judgment recovered against defendant had been docketed, assigned the same to his attorney. Subject to said assignment, which was recorded, plaintiff two years thereafter assigned to D, a purchaser in good faith and for a valuable consideration, all his interest in the judgment and said assignment was also recorded. Subsequently an order was granted under section 2446 of the Code of Civil Procedure permitting defendant as judgment debtor of plaintiff to pay to the sheriff the amount of a prior judgment against plaintiff, together with interest and sheriff's fees, and by a subsequent order the sheriff was directed to apply the amount so received from defendant on the judgment against plaintiff. No notice was ever given to plaintiff as judgment debtor nor to the two assignees of the judgment recovered against defendant. Held, that a motion to set aside the orders granted under said section 2446 should be denied.

MOTION to set aside an order.

George D. Forsyth, for plaintiff.

Frederick C. Slee, for defendant.

LAING, J.   This is a motion to set aside an order made in an action in this court wherein the Castle Inn Company was plaintiff and said Donald D. Boyd defendant, permitting the said Buffalo Steam Roller Company, as judgment debtor of Donald D. Boyd, to pay to the Castle Inn Company, a judgment creditor of Donald D. Boyd, the sum of $159.99, and interest from September, 1910, together with the sheriff's fees, and also to set aside another order in the same proceedings directing the sheriff to apply that sum received by him upon the judgment of the Castle Inn Company.   On June 28, 1912, Donald D. Boyd recovered a judgment in the Supreme Court, Livingston county, against the Buffalo Steam Roller Company for $309.22, damages, and $91.52, costs.   The judgment was docketed in said county on that day and the judgment creditor assigned the judgment to his attorney, Frank K. Cook, the assignment being recorded in the Livingston county clerk's office on the 3d day of July, 1912.   On January 7, 1914, Boyd assigned all his interest in said judgment to Daniel W. Forsyth, subject to the interest of Cook under his said assignment, and the assignment to Daniel W. Forsyth was recorded in the Livingston county clerk's office on the 9th day of January, 1914.   The affidavits tend to show that Daniel W. Forsyth was a purchaser in good faith and for a valuable consideration.   On September 13, 1910, in the Municipal Court of the city of Buffalo, the Castle Inn Company recovered a judgment against Daniel D. Boyd for $159.99.   On the 26th day of February, 1914, on the affidavit of Edward Taft and Frederick Slee, the judge of this court made an order permitting the Buffalo Steam Roller Company to pay to the sheriff of Erie county the sum of $159.99, with interest from the 13th day of September, 1910, together with his fees, in payment of the Castle

Inn Company judgment, under section 2446 of the Code. On the same day on the same affidavits a third party order was granted directing the examination of the Buffalo Steam Roller Company before a referee. No examination was made or filed. On the 20th day of April, 1914, a further order was made directing the sheriff to apply the sum received from the Buffalo Steam Roller Company on the Castle Inn Company judgment. No notice was ever given to the judgment debtor, Donald D. Boyd, nor to the assignee of the judgment, Daniel W. Forsyth, nor to the assignee of the judgment, Frank K. Cook.

Section 2446 of the Code provides: "At any time after the commencement of a special proceeding, authorized by this article, and before the appointment of a receiver therein, or the extension of a receivership thereto, the judge, by whom the order or warrant was granted, or to whom it is returnable, may, in his discretion, upon proof, by affidavit, to his satisfaction, that a person or corporation is indebted to the judgment debtor, and upon such a notice, given to such persons, as he deems just, or without notice, make an order, permitting the person or corporation, to pay to a sheriff, designated in the order, a sum, on account of the alleged indebtedness, not exceeding the sum which will satisfy the execution. A payment thus made is, to the extent thereof, a discharge of the indebtedness, except as against a transferee from the judgment debtor, in good faith and for a valuable consideration, of whose rights the person or corporation had actual or constructive notice, when the payment was made."

The moving party, Forsyth, appears to have obtained an assignment of the Boyd judgment in good faith and for a valuable consideration, and claims that the Buffalo Steam Roller Company had constructive

notice of the assignment of the judgment to Cook and to Forsyth because those assignments were filed and docketed in the county clerk's office of the county of Livingston prior to the time when the orders were obtained which are now sought to be set aside. It is argued that the original judgment was required to be docketed in the clerk's office of the county in which the judgment was recovered and the roll filed, and that the clerk is required by section 1270 of the Code to make a record of all the assignments of judgments; that the Buffalo Steam Roller Company knew that the judgment was docketed in the Livingston county clerk's office for the action was brought in that county and the company had appealed from it; that the company knew the provisions of the Code which required all assignments to be filed in that county, and the duty of the clerk to index them. In the brief filed on behalf of Mr. Forsyth is this statement, which gives the substance of the argument on behalf of this application, to-wit: " The reasoning which is the foundation of constructive notice under the recording act is exactly the same under the provisions which now prevail under the Code of Civil Procedure."

The recording act itself provides what shall be the effect of recording various papers affecting real estate. The purpose of the recording act was to protect those about to purchase or take an incumbrance upon real estate. Those purchasers are protected by the recording act not because it is held under general principles of law that they ought to know when certain papers are recorded and docketed, but because the statute expressly provides that they shall be protected. The Code does not provide what shall be the effect of the making of a record of the assignment of a judgment so there is no statutory protection to the as-

signee. I think there is nothing in the fact that the Code provides that the clerk shall make a record of the assignment of a judgment from which it can be held that the judgment debtor should be charged with constructive notice of that record.

Strong, J., in *Henry* v. *Brothers*, 48 Penn. St. 70, says: " Legal or constructive notice, as distinguished from actual, is that which the law regards as sufficient to give knowledge. If the existence of knowledge is presumed from any other fact, if the presumption be *juris et de jure*, the other fact must be certain. But there is no certainty that a debtor has knowledge of the entry of a judgment against him, by virtue of a warrant of attorney which he may have signed, much less that he has knowledge of an assignment of a judgment. He is under no obligation to make inquiry. A subsequent incumbrancer or purchaser must know, for it is his duty to examine the records. Not so with the debtor himself. The judgment docket is not for his benefit. It would be an intolerable hardship if, every time he desires to make a payment on account of his debt, or to obtain a credit, he must go to the county seat and inquire whether the judgment has not been assigned."

The law does not require that an assignment of a judgment shall be filed. I see nothing in the mere fact that the Code provides that the clerk shall make a record of the assignment of a judgment when such assignment of judgment is filed, to warrant the conclusion that the judgment debtor must be held to have constructive notice of that record. The fact that the Code provision uses the words " constructive notice " does not require us to conclude that by the words " constructive notice " was meant notice resulting from the record of the assignment. By a constructive notice we ordinarily mean that a person should be

held to have knowledge of a certain fact because he knows other facts from which it is concluded that he either did, in fact, or ought to have known the fact in question. This may not be an accurate or comprehensive definition of constructive notice, but I know of no definition of constructive notice which would cover the judgment debtor in this proceeding.

My attention has not been called to any authority which sustains the proposition urged on behalf of Mr. Forsyth. Such authority as I have found is the other way. Black Judg. § 950; Freem. Judg. § 426; *Henry* v. *Brothers*, 48 Penn. St. 70; *Clark* v. *Baltimore & O. R. Co.*, 3 Ohio N. P. 172; *Miller* v. *Baltimore & O. R. Co.*, 60 Ohio St. 374; *Steiner* v. *Scholze*, 114 Ala. 88; *Chicago City R. Co.* v. *Blanchard*, 37 Ill. App. 391.

These authorities are in accord with the general principles of law regarding notice, as I understand them.

The motion is, therefore, denied.

Motion denied.