(March 1, 1921.)

COMODORE JACKSON et al., Respondents, v. J. M. COWAN et al., Respondents, and BERNICE P. KIEF et ux., Appellants.

[196 Pac. 216.]

IRRIGATION — PRIORITIES — SUBFLOW — LOWER PRIOR APPROPRIATOR — UPPER SUBSEQUENT APPROPRIATOR—BURDEN OF PROOF—EVIDENCE TAKEN BY REFEREE—CONFLICT—REVIEW OF EVIDENCE.

1. Where testimony in the court below is taken before a referee, this court will pass upon its weight and credibility even in the presence of conflict.

2. Where there is evidence of subflow in a stream, the burden of proving that the water will not reach a prior lower appropriator is upon a subsequent upper appropriator who asserts that such is the case.

APPEAL from the District Court of the Fourth Judicial District, for Elmore County. Hon. James R. Bothwell, Judge.

Priority suit. Defendants Kief appeal. *Modified and affirmed.*

Daniel McLaughlin and W. C. Howie, for Appellant.

All the testimony in this case was taken before referees and reported by them to the judge who rendered the decision, and who did not see nor hear a single witness; therefore, the case was in effect tried upon documentary evidence, and is to be heard by this court *de novo.* (*Roby v. Roby,* 10 Ida. 139, 77 Pac. 213; *Stoneburner v. Stoneburner,* 11 Ida. 603, 83 Pac. 938; *Spofford v. Spofford,* 18 Ida. 115, 108 Pac. 1054; *Parsons v. Wrble,* 19 Ida. 619, 115 Pac. 8.)

J. G. Watts, for Respondents, filed no brief.

McCARTHY, J.—This is an action to determine priorities in the use of the waters of Rattlesnake Creek, in Elmore County. Testimony was taken by a referee and transcribed. The rule that this court will refuse to disturb the findings of the trial court where there is a substantial conflict in the evidence does not apply, because in such case the trial judge, not having observed the witnesses, is in no better position than this court to pass upon the weight and credibility of the testimony. (*Roby v. Roby,* 10 Ida. 139, 77 Pac. 213; *Stoneburner v. Stoneburner,* 11 Ida. 603, 83 Pac. 938; *Spofford v. Spofford,* 18 Ida. 115, 108 Pac. 1054; *Parsons v. Wrble,* 19 Ida. 619, 115 Pac. 8.)

The first point raised is that the court erred in fixing the duty of water at one inch to the acre for respondents' land. We conclude that the weight of the evidence sustains the findings and decree in this respect.

The second point is that the respondent Jackson was granted a right for 13.36 acres which he held at one time under a pre-emption entry and later relinquished. This is not well taken, because it does not appear that the court gave him a right based on the use of water upon the land which he relinquished. The evidence shows that he used the water upon the land described in the decree, which he owned at the time he initiated his water right and still owns.

The next point is that the respondent Hoffman is given a right for 2.89 acres which belonged to another. The evidence

shows that when she bought her ranch she thought it included this 2.89 acres. Accordingly, she cultivated and irrigated it for a while. Later she found it did not belong to her and ceased to cultivate or irrigate it. In the spring of 1914 she bought the land and began to irrigate it again. The court gave her a priority for this 2.89 acres of the same date as her priority for the rest of her land. This was error. Her priority for the 2.89 acres should date from the opening of the irrigation season of 1914 on May 1st.

The respondent J. G. Watts, trustee, operated a reservoir below the point of appropriation of appellants. In their answer the appellants allege:

"That between the points of diversion of the said plaintiff Hoffman and the said reservoir of plaintiff Watts, the stream flows over a tortuous, sandy, gravelly bed, in which great quantities of the water of said stream are lost. That none of the waters of said stream will reach the said reservoir of said plaintiff Watts after the extreme heavy flood waters of the early spring have subsided, and that they usually subside before the irrigation season of each and every year; and that after the commencement of the irrigation season of each year, if all the waters of said stream were turned into the channel of said stream and permitted to flow down the same, they would not reach the said reservoir of said plaintiff but would be wasted and lost."

The question thus arose as to whether, after a flood season, the waters of the creek would reach the reservoir. The evidence is conflicting. Appellants asked the court to make the following finding: "That when water of said stream becomes low, the water will not reach the reservoir of the plaintiff J. G. Watts, trustee, and if turned into the stream is lost, and that by so turning said water into said stream at such times is wasted"; and to insert the following provision in the decree: "That no water shall be turned into the channel of said stream for the benefit of plaintiff J. G. Watts, trustee, for the reservoir when the same will not reach the said reservoir on the surface of said channel and when

the same can be put to a beneficial use by other parties to this action.''

Obviously the proposed finding and provision in the decree were too indefinite. The court should, however, have made a finding on this issue, It is not sufficiently covered by any of the findings made. Inasmuch as the court below heard the case on testimony taken before a referee, nothing would be gained by remanding it to the district court with instructions to find on this issue. This court should finally dispose of the matter on this appeal. While there is evidence that the water sinks at times in the bed of the creek some distance above the reservoir, there is evidence that, as is usually the case with mountain streams, it then flows beneath the surface, following the course of the stream and thus reaching the reservoir. The burden of proving that it did not reach the reservoir was upon the appellants (*Neil v. Hyde* (on rehearing), 32 Ida. 586, 186 Pac. 710; *Petterson v. Payne*, 43 Colo. 184, 95 Pac. 301), and this they fail to do. The finding of the trial court should have been against appellants on this issue. Under the circumstances, the failure to find is not reversible error.

The cause is remanded to the district court, with directions to modify its findings and decree so as to provide that the respondent Hoffman shall have a priority of May 1, 1880, for 21.68 inches for use on the land in section 10, described in the decree, and of May, 1, 1914, for 2.89 inches for use on the land in section 3 described in the decree. In other respects the decree is affirmed. No costs are awarded.

Rice, C. J., and Budge, Dunn and Lee, JJ., concur.