Points Decided.

(No. 4684.  August 1, 1927.)

## F. O. FROST and IDA B. FROST, Husband and Wife, FLORENCE URIAGUERECA and ANTIONIA URIAGUERECA, Husband and Wife, Respondents, v. A. PENFOLD and BERT HERBERT, Appellants.

[258 Pac. 534.]

WATER RIGHTS — APPEAL AND ERROR — CLASSIFICATION OF LAND AS AGRICULTURAL—INJURY MUST BE SHOWN—EVIDENCE—EXCLUSIVE OWNERS OF SPRING AND DITCH—PERMISSIVE USE OF WATER NOT PRESCRIPTIVE RIGHT—UNAUTHORIZED ATTEMPT TO USE DITCH, NO VALID APPROPRIATION—FAILURE TO SHOW WATER RIGHT, EFFECT.

1. Defendants, in action to enjoin interference with ditch and water rights, cannot complain of classification given to plaintiff's land as agricultural in character until showing themselves to be injured by classification given.

2. Evidence *held* to sustain finding that plaintiffs, in action to restrain interference with ditch and water rights, were exclusive owners of spring and ditch involved, and that such spring and ditch were necessary for proper irrigation to their land.

3. Permissive use of water from ditch flowing from spring and used by owner for irrigation cannot be made basis of prescriptive right to use of such waters, since such use is not hostile to owner.

4. Unauthorized attempt to use irrigation ditch against owners' will and objection and contested by owners of ditch *held* insufficient to initiate a valid appropriation.

5. Where defendants, in action to restrain interference with ditch and water rights, failed to show any right to water in themselves, they cannot complain because decree fails to show quantity of water decreed, its duty, or date of priority in that they were not issues under the evidence.

Publisher's Note.

3. See 9 R. C. L. 776 et seq

See Appeal and Error, 4 C. J., sec. 2590, p. 690, n. 84; sec. 2591, p. 691, n. 85; sec. 2879, p. 912, n. 77.

Waters, 40 Cyc., p. 697, n. 52, p. 698, n. 53, 58, p. 734, n. 32.

APPEAL from the District Court of the Fourth Judicial District, for Gooding County. Hon. Henry F. Ensign, Judge.

Action for injunction to restrain interference with ditch and water right. Decree for plaintiffs. *Affirmed.*

Bissell & Bird, for Appellants.

In a suit involving priorities of water rights between the respective litigants the court should not class as "agricultural" lands that are not susceptible of irrigation.

In Idaho an appropriator does not acquire title to water but merely the right to apply the same to beneficial use. (C. S., secs. 5556 and 5558.)

When the evidence discloses that all the waters flowing from a certain spring are not continuously applied to beneficial use by respondents it is error for the court to enjoin appellants from diverting said waters and decree that all the waters of said spring are necessary for the irrigation of respondents' lands. (*Lee v. Hanford,* 21 Ida. 327, 121 Pac. 558; *Hutchinson v. Watson Slough Ditch Co.,* 16 Ida. 484, 101 Pac. 1059; C. S., sec. 5559.)

A decree awarding certain parties litigant all the waters of a certain spring, without fixing, in cubic feet per second of time, the exact amount to which said parties are entitled and without fixing the date of priority or duty of water, is void for uncertainty. (*Lee v. Hanford, supra; Reno v. Richards,* 32 Ida. 1, 178 Pac. 81; *Hayes v. Flesher,* 34 Ida. 13, 198 Pac. 678; *Washington State Sugar Co. v. Goodrich,* 27 Ida. 26, 147 Pac. 1073; *Smith v. Phillips,* 6 Utah, 376, 23 Pac. 932; *Nephi Irr. Co. v. Vickers,* 15 Utah, 374, 49 Pac. 301; *Steinberger v. Meyer,* 130 Cal. 156, 62 Pac. 483, and C. S., sec. 5557.)

1.78 cubic feet of water per second of time (or 89 miner's inches) continuous flow is an excessive flow of water to allot to approximately 58 acres of land, in the absence of any showing that the land in question requires an excessive

amount of water for its proper irrigation and cultivation, especially where the evidence shows that some of this water has been wasted or applied to other lands. (*Lee v. Hanford, supra; Hutchinson v. Watson Slough Ditch Co., supra;* C. S., secs. 5569, 5640 and 7033; *Idaho Irr. Co. v. Gooding,* 265 U. S. 518, 44 Sup. Ct. 618, 68 L. ed. 1157–1160; *State v. Twin Falls Canal Co.,* 21 Ida. 410, 121 Pac. 1039, L. R. A. 1916F, 236.)

James & Ryan, for Respondents.

A ditch is real property. (*Ada County Farmers' Irr. Co. v. Farmers' Canal Co.,* 5 Ida. 793, 51 Pac. 990, 40 L. R. A. 485; C. S., sec. 5325; 2 Kinney, Irrigation and Water Rights, sec. 834, pp. 1462, 1463.)

A ditch is a separate and distinct species of real property and distinct and separate from the water right itself, and from the easement. (Long on Irrigation, sec. 74; 2 Kinney, Irrigation and Water Rights, pp. 1783, 1784, and pp. 1460–1463; *McDonnell v. Huffine,* 44 Mont. 411, 120 Pac. 792; *Fudickar v. East Riverside Irr. Co.,* 109 Cal. 29, 41 Pac. 1024; *Tripp v. Overocker,* 7 Colo. 72, 1 Pac. 695.)

A right to use a ditch of another can only be acquired in some lawful way. (2 Kinney on Irrigation and Water Rights, sec. 831, pp. 1457 (4), 1461–1463 and 1947, 1948.)

A person cannot arbitrarily seize and use the ditch of another. (*McRea v. Small,* 48 Or. 139, 85 Pac. 503; *McPhail v. Forney,* 4 Wyo. 556, 35 Pac. 773.)

One who diverts water from the ditch of another against the will and without the consent of the latter cannot thereby initiate a water right. (*Rabido v. Furey,* 33 Ida. 56, 190 Pac. 73; sec. 2 of syllabus; *McRae v. Small,* 48 Or. 139, 85 Pac. 503.)

The using of a ditch without the owner's consent constitutes the taking of private property within the meaning of the constitutional prohibitions. (2 Kinney on Irrigation and Water Rights, p. 1947.)

The owner of an irrigation ditch is entitled to an injunction restraining even the owner of the land through which it flows from molesting it. (*Ronnow v. Delmue*, 23 Nev. 29, 41 Pac. 1074; *Shaw v. Profitt*, 57 Or. 192, Ann. Cas. 1913A, 63, 109 Pac. 584, 110 Pac. 1092.)

A prescriptive right to use a ditch belonging to another cannot be acquired by permissive use. (2 Kinney on Irrigation and Water Rights, p. 1743.)

Water flowing in a ditch is the personal property of the appropriator. (Farnham on Waters and Water Rights, sec. 462, p. 1568; *Shaw v. Profitt, supra;* 2 Kinney on Irrigation and Water Rights, pp. 1340–1342, secs. 773 and 774.)

The use of water for agricultural purposes by a land owner and his predecessor for many years, without objection of adjacent owner, raises the inference that the amount was necessary to produce crops. (*Campbell v. Ingram*, 37 Cal. App. 728, 174 Pac. 366.)

An injunction may be granted against an interference with ditches. (3 Kinney on Irrigation and Water Rights, pp. 2957 and 2959.)

To constitute an appropriation, there must be an actual diversion of the water from its natural channel into the appropriator's ditch, canal, reservoir or other structure. (2 Kinney on Irrigation and Water Rights, pp. 1243, 1244, sec. 722; *Sarret v. Hunter*, 32 Ida. 536, 185 Pac. 1072; *Nielson v. Parker*, 19 Ida. 727, 115 Pac. 488; *Washington State Sugar Co. v. Goodrich*, 27 Ida. 26, 147 Pac. 1073.)

VARIAN, Commissioner.—This is a suit to enjoin the defendants, appellants here, from cutting the bank of a certain irrigation ditch situate in part upon appellant Penfold's land, and from interfering with respondents' use of the same. Although the complaint prays that the water flowing from the East Waddington spring in said ditch be decreed to plaintiffs, this is not an action to determine priorities or to adjudicate water rights.

In 1887, John Waddington, predecessor in interest of respondents, developed a blind spring upon the lands now

owned and occupied by appellant Penfold, and constructed a ditch from said spring across said lands in a southeasterly direction, and applied the water to the irrigation of lands now owned by respondents. The East Waddington spring, as it was thereafter known, was developed and the Waddington ditch built with the consent of appellant Penfold's predecessor in interest. This ditch forked near the open cut that constitutes the spring development, and two parallel ditches occur known as the upper and lower Waddington ditches, respectively.

In 1889, Penfold's predecessor in interest developed another spring about sixty feet below the East Waddington spring, and conveyed the water therefrom by ditch and flume to lands now owned by Penfold. A three-acre alfalfa field, being higher than the other land belonging to said appellant, was irrigated from said ditch by means of a flume.

In 1923, respondents constructed a pipe-line from the East Waddington spring to water about three and one-half acres owned by respondent Frost, and one and a half acres owned by respondent Uriaguereca, which lands were too high to water from the upper Waddington ditch. There is barely sufficient water available from this pipe-line to irrigate the lands mentioned. Appellant Penfold, or his predecessors, permitted the flume conveying water from his spring to some two acres of his alfalfa to be destroyed, so that he was no longer able to water this alfalfa from his own spring. On several occasions after 1914, when Penfold acquired his holdings, and prior to 1923, appellants permitted Penfold to take water from the upper Waddington ditch to irrigate said two acres. Prior to 1923, he claimed no right to the East Waddington spring, or the waters therein, or the ditch conveying the same.

In the spring of 1925, appellant cut the upper Waddington ditch, and diverted water therefrom to his alfalfa field, filling up a portion of said upper Waddington ditch, and asserted a right to use the water, and refused permission to respondents to enter his land for the purpose of repairing and cleaning out the upper Waddington ditch. In their

answer, appellants plead abandonment by respondents of this ditch, but the court found against this contention and held that they had no right to any of the waters of the East Waddington spring, and that respondents were entitled to the entire flow thereof. The issue of abandonment is not raised in this court.

[1] The first assignment of error is to the effect that the court erred in finding all of the lands of respondents to be agricultural in character. It is true that the evidence discloses that some portions thereof were rocky, not susceptible of irrigation or capable of raising crops. Nevertheless, in the broadest sense of the term, these lands were properly classed as "agricultural" in character, and until appellants have shown themselves to be injured by the classification given, they cannot be heard to complain.

[2] The second, third and fourth assignments of error are to the effect that the court erred in decreeing respondents to be the exclusive owners of the spring and ditch; in enjoining appellants from diverting waters therefrom; and in decreeing that the spring and ditch are necessary for the proper irrigation of respondents' lands, and that they have been so used. The decree is sustained by the findings, and the evidence is ample to sustain the latter.

[3] Appellants have wholly failed to show any right in themselves to any of the waters of the spring in controversy or the ditch leading therefrom. The permissive use by appellants of water from the upper Waddington ditch flowing from respondents' spring cannot be the basis of a prescriptive right to the use of such waters, since such use is not hostile to the owner. (1 Wiel on Water Rights in the Western States, 3d ed., p. 634.)

[4] The unauthorized attempt to use respondents' ditch against their will and objection, being contested by the owners of the ditch, is not sufficient to initiate a valid appropriation. (1 Wiel on Water Rights in the Western States, 3d ed., p. 422; *Rabido v. Furey*, 33 Ida. 56, 190 Pac. 73; *McRae v. Small*, 48 Or. 139, 85 Pac. 503.)

The fifth and sixth assignments of error deal with what may be termed the uncertainties of the decree. Appellants contend that the decree fails to determine the specific amount of water used by any of the parties, to fix the duty of water, does not employ the standard unit of measurement, or fix the date of priority, and that the amount of water decreed to respondents is excessive.

[5] Not having established any right to the water from the East Waddington spring in themselves, neither of the appellants is in position here to complain upon the grounds raised by these assignments. The contest was not between water users as to priorities, but between trespassers and the owners in regard to the enjoyment of a ditch and the waters flowing therein. The court found that the respondents were entitled to all of the water from the East Waddington spring, and this finding is supported by the evidence. Having failed to show any right to the water in themselves, appellants cannot complain because the decree fails to show the quantity of water decreed, its duty, or date of priority. They were not issues under the evidence.

We have examined the cases cited by appellants, and they are not in point because they all involve controversies between users of water from the same source, and questions of priority of use.

We recommend that the judgment be affirmed, with costs to respondents.

Brinck and McNaughton, CC., concur.

PER CURIAM.—The foregoing is approved as the opinion of the court, and the judgment is affirmed. Costs to respondents.