(No. 5624. April 16, 1931.)

ARTHUR L. CHILL, Appellant, v. SAMUEL M. JARVIS, ELLEN F. JARVIS, His Wife, PETTERS AND COMPANY, a Corporation, and LEMHI COUNTY, IDAHO, Respondents, v. IDA E. LING, Intervenor and Respondent.

[298 Pac. 373.]

E. H. Casterlin, for Appellant.

3

8

8

 533

E. W. Whitcomb, and Francis R. Hall, Jr., for Intervenor and Respondent.

VARIAN, J.—This action relates to the use of the waters of Zeph Creek and its tributary, Schwartz Creek, situate in Lemhi County, Idaho. Zeph Creek flows into the Lemhi River below plaintiff Chill's ranch. The Jarvis ranch is situate about half a mile above the Chill place and Schwartz Creek flows into Zeph Creek on the Jarvis ranch. The Ling (intervenor) ranch is above the Jarvis place on Schwartz Creek. Appellant in the amended complaint of his first cause of action claims a prescriptive right to 80 inches of the waters of Zeph and Schwartz Creeks with

priority of June 1, 1897, alleging use thereof since about the first day of April, 1922; also, in a second cause of action, a right to use 75 inches of the waters of said creeks with a priority of April 1, 1918. The defendants, Jarvis and wife and Lemhi County defaulted; the defendant, Petters & Company, answered, setting up a mortgage upon the Jarvis ranch. The answer of intervenor, Ida E. Ling, sets up a claim to two cubic feet of the waters of Schwartz Creek with a priority of July 1, 1915. The parties stipulated before trial that plaintiff Chill and intervenor Ling might each be decreed 3.2 cubic feet per second of time of the flood waters of Zeph and Schwartz Creeks, as to Chill, and of Schwartz Creek only as to Ling, with priority of April 1, 1919.

The court found the duty of water to be one inch, or one-fiftieth of one cubic foot per second of time, per acre; that plaintiff Chill appropriated 1.2 cubic feet, as of April 1, 1918; that the defendants, Jarvis and Petters & Company, have failed to use any of the waters of Zeph and Schwartz Creeks for more than five years prior to the commencement of this action; that intervenor Ling and her predecessors in interest have appropriated 1.46 cubic feet of the waters of Schwartz Creek with priority as of July 1, 1915; that plaintiff Chill is entitled to 3.2 cubic feet of high and flood waters of Zeph and Schwartz Creeks with priority as of April 1, 1919, and intervenor Ling is entitled to 3.2 cubic feet of the flood and high waters of Schwartz Creek with priority as of April 1, 1919. All of said amounts were decreed accordingly and Jarvis and wife and Petters & Company were decreed to have no interest in the waters of either of said creeks. Plaintiff appeals from the decree so rendered.

In another suit under date of June 26, 1913, the waters of Zeph and Schwartz Creeks were adjudicated and there was decreed to predecessors in interest of Jarvis and wife, 1.6 cubic feet per second of time, of the waters of said creeks with priority dating June 1, 1897.

It is the theory of appellant that he has acquired, by prescription, the water right belonging to Jarvis and wife through five years adverse possession with the same priority decreed to Jarvis' predecessors, to wit: June 1, 1897.

The court found that Jarvis and wife and the mortgagee, Petters & Company, a corporation, "have failed to use and apply to a beneficial use any of the waters of said Zeph and Schwartz Creeks, for a period of more than five years prior to the commencement of plaintiff's complaint." This language follows the verbiage of our abandonment statute which reads, so far as applicable here, as follows: "Section 5582. All rights to use of water acquired under this chapter or otherwise shall be lost and abandoned by a failure for the term of five years to apply it to the beneficial use for which it was appropriated, and when any right to the use of water shall be lost through nonuse or abandonment such rights to such water shall revert to the state and be again subject to appropriation under this chapter." C. S., sec. 5582, as amended by chap. 146, 1921 Sess. Laws 334.

The evidence discloses that prior to the year 1921, Jarvis and wife acquired by deed the decreed right to 80 inches of the waters of Zeph and Schwartz Creeks; that under date of January 8, 1921, they executed to Petters & Company their promissory note for $5,230.67, payable in eleven annual instalments beginning December 1, 1920, and ending December 1, 1930, inclusive, with interest, securing payment thereof by mortgage upon their ranch to which said water right was appurtenant; that they paid but two instalments of this loan. For many years prior to the trial of this cause neither of the Jarvis' resided upon their ranch; a man by the name of Bird and a man by the name of Severson took the place after the Jarvis' left; Vernal Ling had the Jarvis place in 1921; a full crop was raised on it in 1922; and in 1923, Vernal Ling, as agent of Jarvis, irrigated 40 or 50 acres of hay, which cut 75 tons. Since 1923, there have been no irrigation, no cultivation and no crops raised on the Jarvis ranch. After 1923, the fences

were down, some of them carried away and no one has resided upon the premises which were open to livestock and the world at large. There were no diversion works, or boxes for diverting the water on to the Jarvis ranch, merely laterals running out of the creek, which was dammed with rocks, sticks or debris, in order to cause the water to run out on the land at low water. While appellant and his witnesses testify that he used all of the waters of Zeph and Schwartz Creeks since 1922, there is testimony that none of the waters of Schwartz Creek reach the Jarvis ranch at low water period; that when he was on the place, Jarvis and Mrs. Ling, intervenor, rotated their water; that by joining the water from certain springs on Mrs. Ling's ranch with the entire flow in Schwartz Creek a sufficient head was obtained to carry down to the Jarvis ranch, and so by combining the Ling and the Jarvis waters it was possible to efficiently irrigate both places, alternately.

Referring to the year 1924, appellant testified, "there was nothing being done with the Jarvis place. There was no irrigation being done there so I took the water"; that he appropriated it in 1924. Vernal Ling testified that in 1923, Chill threatened him with arrest if he "bothered" the water on the Jarvis place and turned it back into the creek. Appellant further testified that there was some interference at other times than in 1923 with the water, but could not say that it had been turned out on the Jarvis place by anyone, though he found it wasting there and turned it back into the creek on several occasions.

A further recitation of the evidence will serve no useful purpose as it is apparent that appellant has not shown his use of the water to have been an invasion of the rights of Jarvis and wife, in whom title to the water right of June 1, 1897, was vested. (*Hall v. Blackman*, 8 Ida. 272, 68 Pac. 19; *Wimer et al. v. Simmons et al.*, 27 Or. 1, 50 Am. St. 685, 39 Pac. 6.) The evidence supports the theory of the court that the case is one of abandonment, as it is clearly inferable that Jarvis and wife had formed the intent to abandon their ranch and water right when

they failed to pay the mortgage instalment due December 1, 1922, and their subsequent action establishes actual abandonment of both the ranch and water right. "The moment the intention to abandon and the relinquishment of possession unite, the abandonment is complete." (*Wimer et al. v. Simmons et al., supra.*) This occurred some time after the harvesting of the hay crop in 1923. And, in any event, under the statute quoted (C. S., sec. 5582, as amended) abandonment began, under the circumstances of this case, in 1923 when Jarvis and wife ceased to apply the water to a beneficial use. (See *Albrethsen v. Wood River Land Co.,* 40 Ida. 49, 231 Pac. 418.) Having failed to apply the water to a beneficial use for a period of five years the Jarvis water right reverted to the state and again became subject to appropriation under the law.

There is no evidence whatever of any adverse use of the waters of Schwartz Creek, by Chill, as against the intervenor, Mrs. Ling, whose priority right of July 1, 1915, was not contested.

 Appellant complains that the trial court made no findings upon his issue of prescription. The court, having found, in effect, the facts constituting statutory abandonment under C. S., sec. 5582, as amended, it negatived appellant's theory of prescriptive title and further findings were not necessary. He likewise complains of finding number IX to the effect that the defendants failed to use or apply to a beneficial use any of the waters of Zeph and Schwartz Creeks as not responsive to any issue tendered by the pleadings. As stated, this finding negatives the issue tendered by appellant.

Finding no error, the decree is affirmed. Costs to respondent.

Lee, C. J., and Budge, Givens and McNaughton, JJ., concur.