(No. 7181 February 21, 1945)

RUTHERFORD PFLEUGER, Appellant, v. WILLIAM HOPPLE and CORA HOPPLE, husband and wife, Respondents.

(156 P. 2d 316)

Frank L. Stephan for appellant.

J. W. Taylor for respondents.

BUDGE, J.—This is an action to quiet title to forty shares of the capital stock of Twin Falls Canal Company. From a judgment in favor of defendants this appeal is prosecuted.

For a reversal of the judgment appellant relies upon eight assignments of error. We will consider only such assignments as are deemed material.

Substantially, the record discloses the following pertinent facts:

May 26, 1919, respondent, William Hopple, entered into a contract with the State of Idaho for the purchase of the following described real estate: The Southeast Quarter of the Northwest Quarter, Section 16, Township 10 South, Range 15 E.B.M., in Twin Falls County. April 19, 1920, Twin Falls Canal Company issued a certificate for forty shares of the capital stock of said company to William Hopple. December 24, 1919, Hopple, by assignment, transferred both the contract for the purchase of the land and the certificate of water stock to Rudolph Pflueger. April 19, 1920, Pfleuger entered into a contract with the Twin Falls Land and Water Company for the purchase of the water and water right involved in this suit. April 5, 1928, Rudolph Pflueger, father of appellant, died, and on April 28, 1928, H. A. DeNeal was appointed administrator of his estate. At the time of Pflueger's death the water right was paid up.

November 12, 1935, the State cancelled the Pflueger contract for the reason that payments thereon were not made in accordance with the terms thereof, and on December 13, 1935, De Neal, as administrator, by quitclaim deed, transferred to William Hopple the above described land "with all water stock thereto." December 20, 1935, DeNeal, as administrator, assigned the certificate of water stock to William Hopple. The land contract having been forfeited prior to the execution of the quitclaim deed, no consideration was paid by Hopple to DeNeal for either the land or the water stock. December 21, 1935, the Twin Falls Canal Company re-transferred the certificate of water stock to William

Hopple. January 9, 1936, the State, upon payment by Hopple of all payments due under the contract, reinstated the land sale certificate issued to Hopple on May 26, 1919, whereupon Hopple went into possession of the land.

Otherwise stated, the forty shares of water stock involved were transferred to Hopple, the original owner, on December 21, 1935, by Twin Falls Canal Company, and the land sale certificate was reinstated January 6, 1936. Therefore Hopple has been in the exclusive possession of the land and water right in controversy continuously, openly, notoriously and uninterruptedly for approximately 5½ years, this action having been instituted July 10, 1941, and has paid all maintenance and water charges from 1936 to 1942, inclusive. The record also discloses that Hopple paid all taxes levied against the land from 1936 to 1938, at which time his contract to purchase the land from the State was cancelled. However, Hopple remained in possession of the land under lease from the State, and the continuous and uninterrupted use of the water right. (Secs. 5-206, 5-209 and 5-210, I.C.A.)

The water right in controversy is real property (sec. 54-101, I.C.A.; *In re Robinson,* 61 Ida. 462, 469, 103 P. (2d) 693, 696.) Prescriptive title to a water right such as here involved may be acquired by adverse use for more than the statutory period.

In *Verwolf v. Low Line Irr. Co.* (Mont), 227 P. 68, it was held:

"That the right to the use of water for irrigation or other lawful purposes may be lost by one and acquired by another by prescription is settled beyond controversy in this jurisdiction. (*State v. Quantic,* 37 Mont. 32, 94 P. 491; *Smith v. Duff,* 39 Mont. 374, 102 P. 981, 122 Am. St. Rep. 582; *Featherman v. Hennessy,* 42 Mont. 535, 113 P. 751; *McDonnell v. Huffine,* 44 Mont. 411, 120 P. 792; *Custer Con. Min. Co. v. City of Helena,* 52 Mont. 35, 156 P. 1090; *Hays v. DeAtley,* 65 Mont. 558, 212 P. 296; *Glantz v. Gabel,* 66 Mont. 134, 212 P. 858.")

The rule seems to be established that the uninterrupted and continuous use for more than the prescriptive period raised a presumption that such use was adverse and under claim of title. Use of property in the ordinary

and customary manner is sufficient to establish adverse possession. (1 Am. Jur. secs. 11, 12 and 13, pp. 796, 797; *Northwestern & P. Hypotheekbank v. Hobson,* 59 Ida. 119, 80 P. (2d) 793; *Trask v. Success Min. Co.,* 28 Ida. 483, 155 P. 288; *Gardner v. Wright* (Ore.), 91 P. 286; *McDonnell v. Huffine* (Mont.), 120 P. 792; *Merritt v. Rey* (Cal.), 286 P. 510; *Moore v. Hoffman* (Mo.), 39 S.W. (2d) 339, 75 A.L.R. 135; *Campbell v. Holt,* 115 U.S. 620, 39 L. ed. 483, 6 S. Ct. 209; *Teall v. Schroeder,* 158 U.S. 172, 39 L. ed. 938, 15 St. Ct. 768.)

The court found, among other things, that Hopple paid the State all delinquent payments which had not been made by Pflueger and, as a result thereof, the land sale contract was reinstated; that the quitclaim deed, to which reference has heretofore been made, was recorded in the office of the Recorder of Twin Falls County on December 17, 1935; that the assignment of the water stock to Hopple, executed by DeNeal on December 20, 1935, was delivered to the Twin Falls Canal Company; that there was no actual or positive fraud involved in any of the transactions leading up to the acquisition by Hopple of the water certificate or water right; that the administrator and the defendants considered that all rights of the estate of Rudolph Pflueger had been forfeited, and that said instruments were executed and delivered merely in order that defendants might take up the land contract with the State.

It might be observed here that respondents are not relying upon the quitclaim deed and the assignment of the water certificate, heretofore referred to, to establish their title. The documents were admitted by the court for the purpose only of proof of notice to appellant of the adverse use of the water right.

In its finding of fact No. 10 the court found "that the defendants have been in actual, continuous, uninterrupted and adverse possession of the water in question, and the whole thereof, and have used the same under claim of title on said land since not later than April 12, 1936, and have paid all taxes and assessments therefor during all of said time", and from finding No. 11 we excerpt the following part of said finding which we deem material, "that there was no concealment on the part of the defendants of their adverse possession of said water; that the defendants' ad-

verse possession and use of said water has been open and notorious and that the plaintiff is charged with constructive notice thereof."

" 'Constructive notice' is ordinarily meant that a person should be held to have knowledge of a certain fact, because he knows other facts from which it is concluded that he either did in fact know, or ought to have known, the fact in question." (*Boyd v. Buffalo Steam Roller Co.*, 149 N.Y.S. 1050.)

From the foregoing findings the court made the following conclusions of law:

"That the defendants, William Hopple and Cora Hopple, are the owners of the water right involved in this suit, consisting of forty shares of stock of the Twin Falls Canal Company, * * * That the plaintiff, Rutherford Pflueger, has no right, title or interest whatsoever in said water stock and stock certificate;" and that the defendants "are entitled to a decree of this court quieting title in them as against the plaintiff, Rutherford Pflueger."

We think the pertinent and decisive question here presented is whether the evidence is sufficient to sustain the court's findings and conclusions that respondents acquired title to the water stock involved by adverse possession.

The general rule seems to be that "in the absence of some special statutory provision to the contrary, in order to perfect title by adverse possession it is not necessary that the true owner should have had actual knowledge or notice of the claim. If the claimant's possession is open and notorious under claim of title it is sufficient in its character, whether the true owner knew the facts or not. The claimant need not otherwise repudiate the title of others claiming the land, or notify them of his claim of title. On open, visible, and notorious possession by the adverse claimant the law presumes notice to the true owner in the absence of evidence that inquiries of the true owner, prosecuted with due diligence, did not disclose such possession. Such possession is the equivalent of actual notice of the claim under which it is held, and if the owner fails to look after his interests until the title of the adverse claimant grows into maturity he has no one but himself to blame for the loss of his estate." (2 C.J. sec. 59, p. 77.)

■ Whether a party has notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, and whether by prosecuting such inquiry he might have learned such fact, are questions of fact for the court or jury. (20 Cal. Jur. sec. 8, p. 240; *West v. Great Western Pw. Co.* (Cal.), 97 P. (2d) 1014, 1019.)

■ The court found, and correctly so, that appellant had notice of the adverse, open, notorious and uninterrupted use of the water by respondent for more than the statutory period. Respondent went into possession of the land on January 9, 1936, and of the water right on December 21, 1935. He farmed the land in the usual manner and used the water continuously and adversely until July 10, 1941; paid the taxes on the land until the contract with the State was cancelled; paid all water maintenance charges and assessments; the quitclaim deed was duly recorded on the date heretofore mentioned; the Twin Falls Canal Company issued their certificate to respondent on the date heretofore referred to. From the forgoing facts, and other facts appearing in the record, it cannot logically be contended that appellant was without notice, or not charged with notice of the adverse use of the water right by respondent for more than the statutory period.

In our judgment there is sufficient competent evidence to sustain the court's findings that appellant had notice of the adverse, open, notorious and uninterrupted use of said water by respondents for more than the statutory period, and by reason thereof respondents acquired a prescriptive title thereto; that the court did not err in quieting respondents' right, title and interest in the water stock and stock certificate.

The judgment is affirmed. Costs to respondents.

Ailshie, C.J., and Givens and Miller, JJ., concur.

Holden, J. deeming himself disqualified, did not participate in the decision.