203 P.2d 608

**HEAD et ux. v. MERRICK et al.**

**No. 7463.**

Supreme Court of Idaho.

Feb. 25, 1949.

Rehearing Denied March 21, 1949.

Everett B. Taylor, of Hailey, and Bissell & Bird, of Gooding, for appellants.

James, Shaw & James, of Gooding, and Joseph J. McFadden, of Hailey, for respondents.

GIVENS, Justice.

Appellants brought suit to quiet title to the following described property in Blaine County, Idaho:

"E½ NW¼, NW¼ NE¼, NE¼ SW¼ and Lots 3 and 4 of Sec. 30, Twp. 2 N. R. 19 E B.M.; SE¼ SE¼ of Sec. 25, Lot 1 and that part of Lot 4 lying north of the Muldoon road (as the same is now located) of Sec. 36, Twp. 2 N. R. 19 E. B.M., together with all appurtenances, including the following ditch and water rights: Full primary water right for 150 acres of said land from Slaughter House Creek, with dams

and ditches used therewith; waters from certain springs arising on and near said lands, with dams and ditches used therewith; and 40 inches of the waters of Big Wood River decreed to W. T. Riley, with priority of March 24, 1883, under the terms of the decree in the case of Frost vs. Alturas Water Company, which decree bears date December 13, 1909, and appears of record in book 6, page 447, of the records of judgments of said Blaine County, together with pro rata interest in all ditches, headgates and diversion works whereby said water is conveyed to the lands of the plaintiffs, including pro rata interest in ditch and diversion works heading in what is commonly known as the Miller ditch at about midway between the towns of Hailey and Bellevue, Idaho, and coursing thence in a generaly SEly direction to and across Block 86 of the Townsite of Bellevue, and also including diversion works and ditch leading from said Miller ditch at said Block 86 to and upon said lands of plaintiffs."

Paragraph 2 of respondents' answer alleged respondents admit they claim and assert an interest in the complaint adverse to the plaintiffs', thus the answer did not raise a definite issue, but the transcript shows that upon the trial of the case there was clearly but one issue which was in dispute and tried, and that was with regard to appellants' claim they had, by adverse possession as against respondents Merricks, acquired 40 inches of the waters of Big Wood River with a priority of March 24, 1883. In other words, respondents did not dispute appellants' title to the land claimed by them or the other water rights.

■ To perfect an adverse claim for water ripening into title, the claimant must: " * * * show that his use of the water deprived the prior appropriators of water at times when such prior appropriators actually needed the water; the use does not become adverse until it interferes with the use thereof by the prior appropriators, and therefore proof merely that the claimant used water and claimed the right to use it is no proof whatever of adverse use." Village of Fairview v. Franklin Maple Creek Pioneer Irr. Co., 59 Idaho 7 at page 17, 79 P.2d 531, 535.

■ There is no evidence in the record that appellants' use, if they did actually use the 40 inches belonging to respondents Merricks, rather than belonging to other users—there being four in all who took water out of the ditch through which the water was being conveyed from Big Wood River and used by appellants—interfered with respondents' use. The only evidence that it was used at a time and under circumstances when it interfered with respondents was in the fall of 1947 and a prescriptive period had not since elapsed. The trial court, therefore, properly granted a nonsuit as to this water right.

■ The allegations with regard to the claimed water from Slaughter House Creek and springs on and near appellants' lands

did not specify any exact amount of water and there was no evidence at all in that regard.

"Water rights are valuable property, and a claimant seeking a decree of a court to confirm his right to the use of water by appropriation must present to the court sufficient evidence to enable it to make definite and certain findings as to the amount of water actually diverted and applied, as well as the amount necessary for the beneficial use for which the water is claimed." Reno v. Richards, 32 Idaho 1, at page 15, 178 P. 81, 86, Federal Land Bank v. Union Cent. Life Ins. Co., 51 Idaho 490, at page 500, 6 P.2d 486; Graham v. Leek, 65 Idaho 279, 144 P.2d 475.

The granting of the nonsuit in its entirety, however, went beyond not only the motion for nonsuit, but the issues actually tried, and the order for nonsuit and subsequent order of dismissal should only have covered the 40 inches of Riley water now owned apparently by respondents Merricks.

Respondent Federal Land Bank of Spokane apparently has a first mortgage on the property of respondents Merricks. The Bank made no separate defense or contentions different from those made by Merricks.

The judgment of dismissal on nonsuit is, therefore, modified and the cause remanded with instructions for the trial court to enter judgment quieting title in plaintiffs as against respondents to the land. No costs awarded.

HOLDEN, C. J., PORTER, J., and GLENNON and BAKER, District Judges, concur.