(December 18, 1897.)

## WELCH v. GARRETT.

[51 Pac. 405.]

DITCH ON PUBLIC LANDS IS HELD BY GRANT—NONUSER—ABANDON-
MENT.—A ditch constructed for mining purposes on unoccupied
public lands of the United States is held by grant, and the owner
of such ditch does not forfeit his right thereto merely by nonuser.
Nonuser of a ditch brought about by circumstances over which
the ditch owner has no control is not evidence of abandonment, or
intention to abandon such ditch.

(Syllabus by the court.)

APPEAL from District Court, Bingham County.

E. E. Chalmers, for Appellant.

Evidence of abandonment and forfeiture is admissible under
the general issue, and these need not be specially pleaded.
(*Bell v. Brown,* 22 Cal. 671; 5 Morr. Min. Rep. 240.)  This
ditch was not constructed and consequently not used until
1879, some thirteen years subsequent to the passage of the
mining act of Congress of July 26, 1866, United States Re-
vised Statutes, sections 2339 and 2340, and hence cases are not
in point which hold that said act operated as a grant of right
of way for such ditches used prior to the date of its passage.
Sections 2339 and 2340 of the United States Revised Statutes
do not confer absolutely upon those owning the right of way
for ditches over land situated like this, but such right is sub-
ject in its enjoyment to the local customs, laws and decisions
as much as the right to the use of the water itself.  (*Jennison
v. Kirk,* 98 U. S. 453; 4 Morr. Min. Rep. 504.)  Such local
customs are not judicially noticed, but must be alleged and
proved by the party relying thereon.  (Gould on Waters, sec.
240, p. 469; *Smith v. Hawkins,* 110 Cal. 122, 42 Pac. 453.)

F. S. Dietrich, for Respondent.

We maintain that the right of way acquired as this was is a
right received by grant; that is, such a right is granted to all
upon compliance with certain conditions, and with these con-
ditions plaintiff and his predecessors complied.  (*Smith v.*

*Hawkins,* 110 Cal. 122, 42 Pac. 453.) That even though the right were acquired by prescription or in any other manner mere nonuser does not forfeit. (Washburn on Easements, p. 720, par. 5 et seq.) That it never applies when the period of such nonuser is less than the statutory period of limitation, and is open to explanation and to be controlled by evidence that the owner of the easement did not intend to abandon it while omitting to use it. (*Wimer v. Simmons,* 27 Or. 1, 50 Am. St. Rep. 685, 39 Pac. 6 (nonuser for fourteen years); *Utt v. Frey,* 106 Cal. 392, 39 Pac. 807; *Beaver Brook etc. Co. v. St. Vrain Res. Co.,* 6 Colo. App. 130, 40 Pac. 1066; *Gassert v. Noyes,* 18 Mont. 216, 44 Pac. 959; *Smith v. Hope Min. Co.,* 18 Mont. 432, 45 Pac. 632; *Moon v. Rollins,* 36 Cal. 333, 95 Am. Dec. 181.)

QUARLES, J.—The plaintiff brought this suit to obtain a perpetual injunction to restrain the defendant from interfering with the use and enjoyment of a certain ditch, known as the "Miners' Ditch," by the plaintiff, and for damages, and a judgment decreeing the plaintiff to be the sole and absolute owner of said ditch. The case was tried by the court without the intervention of a jury, the facts found in favor of plaintiff, and judgment made and entered accordingly. The defendant moved for a new trial, which was denied him, whereupon he appealed from the order denying him a new trial, and also from the judgment.

The appellant assigns several errors, the principal one being that the evidence is sufficient to justify the verdict. This contention is based principally upon the ground that the evidence shows an abandonment of that part of said ditch that is situated upon the lands of the defendant. A careful study of the evidence shows, we think, that it established the following facts: The ditch in question was constructed by the predecessors in interest of the plaintiff in 1879, and while the lands of the plaintiff were unoccupied public lands of the United States; that the defendant has since settled upon, entered, and acquired patent, to said lands; that said ditch was constructed at great expense; that in 1887, 1888, and 1889, the plaintiff expended upon said ditch as much as $500; that this ditch conveys water

from the Blackfoot river to mining ground owned by the defendant; that from 1889 to 1891, inclusive, the waters of Blackfoot river were involved in litigation, and the court appointed a water master, who shut the water off from the ditch in question, and refused to permit the water to be used by plaintiff during said litigation. In 1893 the plaintiff partly cleaned out the ditch. Plaintiff leased the ditch in 1888, 1889, 1890, 1891, 1892, and 1893, but only portions of the ditch were used by the lessees. In 1894 the defendant Garrett obstructed the ditch, and at times during that year interfered with the plaintiff's use of the ditch. The defendant represented his mining claims, which are unpatented, each year, and exercised, to some extent, ownership each year over the ditch in question. The district court found as a fact that "the plaintiff has never abandoned the said ditch, or any part thereof." We think that the said finding is supported by the evidence. The nonuser of the ditch, or any part thereof, during that portion of the time that its use was prevented by circumstances over which the plaintiff had no control, is not evidence of abandonment of, or intention to abandon, such ditch. The prevention of its use by the defendant in any one year did not show any intention on the part of the plaintiff to abandon such ditch. The evidence all tends to rebut the idea of abandonment. We think the findings and the judgment were correct. The plaintiff did not forfeit his right to the ditch in question. The appellant seems to think that the interruption of the use of the ditch by respondent worked a forfeiture, and that the rule of continuous adverse user, upon which the title to an easement may be acquired, applies to this case. This view is not correct. The plaintiff acquired an easement in the lands of the defendant, not by adverse user or by prescription, but by grant. Section 2339 of the Revised Statutes of the United States vested in the predecessors of plaintiff the right of way for the ditch in question when they accepted the offer of donation therein made by the government in said section by constructing the said ditch. Section 2340, which was in force at the time the defendant acquired his said patent, made the patent of defendant subject to plaintiff's right of way for said ditch, and it is immaterial whether the said patent reserved this right to the

plaintiff or not. This easement of the plaintiff in the lands of the defendant is, by the terms of section 2825 of the Revised Statutes of Idaho, real estate. The plaintiff's title to his ditch right might be barred by limitation, if the defendant or anyone else should hold it continuously and adversely to him, openly and notoriously, for five years, paying all taxes thereon; but no such claim is asserted by the defendant. This view of the case makes it unnecessary to pass on the other question raised. The trial court properly overruled the defendant's motion for a new trial. The judgment of the district court is affirmed, with costs to the respondent.

Sullivan, C. J., and Huston, J., concur.