(No. 7242.   October 2, 1945.)

THOMAS A. WAGONER, Plaintiff-Respondent, v. PERCY V. JEFFERY and ELSIE JEFFERY, his wife, Defendants-Appellants.

[162 Pac. (2d) 400.]

O. A. Johannesen for appellants.

Ralph L. Albaugh and Errol H. Hillman for respondent.

HOLDEN, J.—This suit is prosecuted by plaintiff and respondent Wagoner to quiet his alleged title to an easement or right to use a small strip of ground about 115 feet in width and 181 feet in length for what is called a "spur ditch" through which to conduct water from certain wells, drilled thereon, for irrigation purposes, and for injunctive relief. It appears from the record and the trial court found:

That respondent is the owner of a tract of 160 acres of arid land located in Jefferson County, Idaho; that in the summer of 1927 he went onto a forty acre tract of land located in that county, then a part of the public domain, and drilled six wells, approximately twenty feet apart, and located in a series or row; that said wells were drilled for the purpose of obtaining water with which to irrigate the said tract of land of the respondent; that each well was approximately seven inches in diameter and thirty feet in depth; that after drilling the wells respondent installed a pump and tested them and found water in sufficient quantity for irrigation purposes; that on the first day of December, 1927, while the land upon which the said wells were drilled remained unappropriated public domain, respondent filed in the United States Land Office an application for a right of way for a canal, as well as a map, showing the approximate location of the wells and the center line of his proposed canal; that in the summer of 1930, respondent constructed a canal, which is plainly visible and marked out upon the premises, there being no other canal on said premises, the location and description of its center line being approximately as described on said map; that respondent thereupon pumped a substantial amount of water from said wells into said canal for approximately three weeks, and conveyed the water through the diversion works and applied it to a beneficial use; that the said canal was nine feet in width at the bottom and fifteen in width at the top and the wells hereinbefore referred to are situated in said canal; that neither said canal or said wells have been used by respondent for delivery of water since the aforesaid use in 1930; that on the 23rd of August, 1934, the Commissioner of the General Land Office of the United States, accepted and approved the above mentioned map, and accepted said wells, and granted and conveyed to respondent a right of way therefor, being a strip of land 50 feet in width on each side of the marginal limits of said canal and wells; that on the 17th of June, 1932, the government of the United States of America, acting through the General Land Office of the Department of the Interior, authorized the allowance of an application by defendants and appellants Jefferys, for the same tract of land upon which the said wells were drilled; that thereupon appellants entered upon and took possession of said land and ever since have remained in possession; that on

the 19th day of July, 1938, the United States of America granted to appellants a patent for the last above mentioned land (and other lands) containing the following:

"Subject to any vested and accrued water rights for mining, agricultural, manufacturing, or other purposes, and rights to ditches and reservoirs used in connection with said water rights, as may be recognized and acknowledged by the local customs, laws and decisions of courts; and there is reserved from the lands hereby granted a right of way thereon for ditches or canals constructed by authority of the United States."

That in the month of December, 1943, respondent again took possession of the above mentioned canal and right of way and commenced to clean out and enlarge the wells for the purpose of again using the water therefrom for irrigation; that appellants thereupon ordered respondent and his employees off the property, claiming respondent had no right or interest in the ditch or wells; that he was a trespasser and that the appellants were the owners thereof.

The cause was tried upon respondent's complaint, appellant's answer to respondent's complaint, appellant's cross-complaint alleging two causes of action against respondent, the first for the forfeiture of the right of way in question, and the second to quiet title thereto in appellants, and respondent's answer to said alleged causes of action. Appellants did not plead nor allege a right in themselves to use, or that they ever used, or claimed the right to use, any of the water of the wells for irrigation or any other beneficial purpose. Following the trial of the cause the court made and entered findings of fact and conclusions of law and entered a decree thereon in favor of respondent and against appellants. The appeal to this court is from the decree.

Under the facts and circumstances disclosed by the record and found by the court, the decisive question presented for determination is: Did the failure of respondent to use the right of way and the water of the wells in question for the purpose of irrigation, for which the "spur ditch" was constructed, and the wells drilled, for a period of more than five years, constitute abandonment and forfeiture?

Abandonments and forfeitures are not favored,

and even though forfeited and abandoned for five year periods, if subsequent to such five year periods, respondent again took possession of the right of way and wells in question, as found by the trial court, under a claim of right and continuity of interest, prior to the initiation of any right therein or claim thereto by appellants, there would be no abandonment which could inure to the benefit of appellants. (*Zezi v. Lightfoot*, 57 Ida. 707, 713, 68 P. (2d) 50.)

Abandonment of any right is dependent upon an intention to abandon and must be evidenced by a clear, unequivocal and decisive act of the party. (*Perry v. Reynolds*, 63 Ida. 457, 464, 122 P. (2d) 508.) And this court held in the very early case of *Ada Co. etc. Co. v. Farmers' etc. Co.*, 5 Ida. 793, 51 P. 990, "The owner of a ditch on public lands of the United States does not forfeit the same merely by nonuser."

Grant of a right of way is one *in praesenti*, subject to forfeiture for subsequent default, but " 'This requirement (completion of a right of way for a reservoir within five years) being in the nature of a condition subsequent, the rule undoubtedly is that failure to comply therewith does not operate *ipso facto* to divest the grantee of the title and reinvest the grantor therewith, but that to be effectual, the default must be followed with a declaration of forfeiture by some competent authority, and, the grant here being of a public nature (as in the case at bar), such declaration can be made only by an act of Congress, or in an appropriate judicial proceeding.' " (*Carns v. Idaho-Iowa Lateral etc. Co.*, 34 Ida. 330, 334, 202 P. 1071.)

In the instant case, at the time respondent again took possession of the right of way and the wells in question, Congress had not (and has not) declared a forfeiture, nor had appellants commenced a suit against respondent for the purpose of obtaining a decree of forefeiture.

"When land is properly subject to the action of the land department and that department has acted in regard to it, it will be conclusively presumed that all the preliminary requirements have been properly complied with, and the records of the department are not admissible to show that such requirements have not been complied with."

(*Clear Lake Power etc. Co. v. Chriswell*, 31 Ida. 339, 345, 173 P. 326.)

■ In summary, the record shows and the court found: that on the first day of December, 1927, while the land upon which the wells were drilled remained unappropriated public domain, respondent filed in the United States Land Office an application for a right of way for a canal as well as a map, showing the approximate location of the wells and the center line of his proposed canal; that in the summer of 1930, respondent constructed the canal (the wells having been drilled in the summer of 1927), installed pumps and pumped a substantial amount of water for approximately three weeks and conveyed the water through his diversion works and applied it to a beneficial use; that on the 23rd day of August, 1934, the Commissioner of the General Land Office of the United States accepted and approved respondent's application for the right of way in question as well as the map filed therewith, and granted respondent a right of way for what is referred to in the evidence as the "spur ditch"; that in the month of December, 1943, before any intervening right nad attached, respondent again took possession of the above mentioned canal, right of way and wells; in other words, respondent went back into possession of the same and began cleaning out and enlarging the wells for the purpose of again using the said right of way and the said wells for irrigation purposes; that it was not until after respondent had so taken possession, and while he was so in possession, that appellants ordered him off the property.

■ Upon these facts, very clearly established, the court found respondent had not abandoned or intended to abandon either the right of way or the wells in question. But, conceding for the purpose of argument, that the evidence was such as to lead different minds to reach different conclusions upon the issues presented, still and nevertheless, however meager the evidence, if it is of a substantial nature and character, as in the case at bar, the findings of the trial court will not be disturbed. (*Edwards v. Tenney,* 65 Ida. 784, 154 P. (2d) 143.)

■ Finally, the burden was upon appellants to prove abandonment and forfeiture of the right of way and wells by a "clear, unequivocal and decisive act of the party"

(*Perry v. Reynolds*, supra), which, it must be conceded, appellants failed to do.

Judgment affirmed with costs to respondent.

Ailshie, C.J., and Budge, Givens and Miller, JJ., concur.