297 P.2d 524

**W. M. HODGES, Plaintiff-Appellant,**

v.

**TRAIL CREEK IRRIGATION COMPANY, Inc., Defendant-Respondent.**

No. 8407.

Supreme Court of Idaho.

May 1, 1956.

Rehearing Denied June 5, 1956.

A. A. Merrill, Idaho Falls, Nels T. Sahl, St. Anthony, for appellant.

Holden & Holden, R. Vern Kidwell, Idaho Falls, for respondent.

KEETON, Justice.

The parties to this action will be referred to as they appear in the trial court. Appellant will be designated as plaintiff and respondent as defendant.

Plaintiff's predecessor in interest appropriated 1.6 second feet of the waters of Trail Creek for irrigation use on the North Half of the Northwest Quarter (N½ NW¼) of Section 10, Township 3 N, R. 45 E, B.M. in Teton County by priority of 1896. Plaintiff acquired title to the land in 1940. The water was decreed to plaintiff's predecessor in 1910. The waters were diverted to plaintiff's land, or his predecessor's in interest, by certain irrigation works, and the water to which plaintiff was entitled ran through the Humble Canal, which crosses the southern part of his land. There were five other appropriators of Trail Creek water who received water through this canal and the waters decreed to plaintiff and others were until 1938 used by the appropriators in the proportions established by the decree of 1910. In March 1938 some of the landowners receiving diversion water from Trail Creek created the Trail Creek Irrigation Company, Inc., for the purpose of acquiring, owning, managing and controlling the ditches, canals, laterals, diversion works, rights of way and appurtenances then in existence and for the conveyance of water for the beneficial uses that may be made thereof by the stockholders and landowners entitled to such water. Defendant itself owns no irrigable land and no water. Neither plaintiff nor the former owner of his land was an incorporator.

From 1910, or prior thereto, until the time of the trial (1955) plaintiff's water, with other decreed water, was turned into the Humble Canal. Immediately after the creation of defendant, statements of assessments for maintenance, upkeep and other expense were sent to the stockholders and landowners and plaintiff's predecessor, his father, was sent a statement for an assessment on 160 acres. He answered in substance that he only owned 80 acres. He was then sent a bill for $24. For reasons not clear, the bill, or the part that may have been a proper charge, was not paid.

Plaintiff was a nonresident of the state, living at the time, and until 1950, in Nebraska. In the spring of 1939, by order of the president of defendant, or others acting on its behalf, the watermaster or ditchrider did not allow any water decreed to plaintiff to be taken from the Humble Canal, and by order of the president of defendant, no water was permitted to be used in subsequent years on plaintiff's land, except some run-over water in some years during the high water flow.

While the water decreed to plaintiff was at all times pertinent here in the Humble Canal, it was taken, subsequent to 1939, and used, or partly used, by the five other water users receiving water from that source. Thus the five other water users received 1.6 cubic feet per second of water more than their decreed rights. The watermaster, deputy watermaster and ditchrider testified that plaintiff's decreed water was turned into the Humble Canal each and every year for his use.

14

For supplemental water during the low water season, water users from the decreed rights of Trail Creek were augmented by stored water from the Fremont-Madison Irrigation District. This water was distributed through the irrigation works of defendant. Plaintiff in 1951, on advice of the president of defendant company, purchased and paid for three-fifths of a foot of stored water in Fremont-Madison Irrigation District. This placed him on a par with other water users receiving water through Trail Creek. This water has to be delivered to him, if at all, through the Humble Canal.

Plaintiff's land was leased to a tenant, and plaintiff being a nonresident of the state and not personally on the land did not know, and was never advised by defendant or anyone else, that he was being deprived of his decreed water until 1950. He then made demand for the water to which he claimed he was entitled. The Board of Directors of defendant refused to recognize such claim and continued to order the watermaster to allow him no water from the Humble Canal, or otherwise.

Defendant alleged in an answer and cross-complaint failure of plaintiff to apply the water decreed to him to a beneficial use and sought to establish rights to the 1.6 second feet (80 inches) of water as a subsequent appropriator, and claimed that the water had been abandoned for a period of in excess of five years and title to the same had been secured by defendant by adverse subsequent appropriation.

The trial court found that plaintiff's right had been forfeited and abandoned and that defendant is the owner of the water formerly decreed to plaintiff. Appeal was taken from the judgment.

In assignments of error plaintiff contends generally that the evidence does not support the findings made by the trial court or the conclusion reached; that the testimony was insufficient to sustain the finding that defendant was a subsequent appropriator and that plaintiff's rights had been lost by failure to apply the water decreed to him to a beneficial use. Further, plaintiff assigns as error certain rulings on the admissibility of evidence and the exclusion of other evidence. While there were many questions propounded to plaintiff's witnesses to which objections were sustained and here assigned as error that should have been overruled, we shall not discuss such assignment separately, but shall limit the discussion to the general contention that the facts found and the conclusion reached are not supported by the law or the evidence.

The only reason we can determine from a perusal of the evidence as to why plaintiff was not furnished or allowed to use the water decreed to him, subsequent to 1938, was the alleged failure to pay the assessments sent to plaintiff's father at the time the corporation was created. No other statements were sent and plaintiff was not advised of any subsequent maintenance charges, if any there were. The only testimony in the record relative to the cost of

the upkeep is that subsequent to the creation of defendant it performed a limited amount of work on the Humble Canal, and installed a new headgate for diversion purposes. None of the landowners taking water from the Humble Canal claimed any right to plaintiff's decreed water, and the last user taking water from the canal testified that he had changed the canal at his own expense in a limited particular and that he personally maintained and performed the necessary work on the canal running through plaintiff's land. Neither he, nor anyone else, except defendant, claimed to have any subsequent appropriation and defendant made no application to the Department of Reclamation for a permit to appropriate plaintiff's water. The record of the watermaster corrected to 1949 shows plaintiff's water right and the watermaster testified that in apportioning the water to the various water users, he turned into the Humble Canal plaintiff's water to which he was entitled, each and every year up to the time of the trial, for plaintiff's use. The watermaster was corroborated by the deputy watermaster and the ditchrider. No testimony was offered to dispute these witnesses.

By what lawful right defendant's officers ordered the watermaster or ditchrider, or either, not to allow plaintiff to use his decreed water subsequent to 1938 and up to the time of the trial is not explained, and no authority for such act, or acts, is cited.

Defendant contends that plaintiff's water right had been abandoned, had reverted to the State and become the subject of appropriation under the provisions of Sec. 42-222, I.C. The pertinent part of the provision reads:

"All rights to the use of water acquired under this chapter or otherwise shall be lost and abandoned by a failure for the term of five years to apply it to the beneficial use for which it was appropriated, and when any right to the use of water shall be lost through non-use or abandonment such rights to such water shall revert to the state and be again subject to appropriation under this chapter."

The only reason the water owned by plaintiff was not applied to a beneficial use for the five year period relied on by defendant to establish its asserted rights was that the defendant wrongfully deprived plaintiff of its use, and no landowner, particularly defendant, has subsequent to the alleged abandonment, appropriated the water to which plaintiff is entitled. The other water users taking water from the Humble Canal, subsequent to 1939, received more water than they were entitled to under the decree of 1910. When defendant organized to take over the pre-existing water distribution system, the same was taken subject to the outstanding rights of the landowners.

If plaintiff's water right in Trail Creek is taken from him he is deprived of that

which is necessary to sustain the land and make it valuable. Without the water the land deteriorates and simply reverts to a desert area.

■ While under the statutory provision above quoted an appropriator may, under the circumstances therein provided, forfeit his water right where he fails to make beneficial use of the same for the statutory period, title to such water right cannot be acquired by another, where such other claimant was the party at fault in preventing its use for the purpose for which the water was originally appropriated.

■ Forfeiture or abandonment of water rights is not favored and is not to be presumed, and all intendments are to be indulged in against a forfeiture. Zezi v. Lightfoot, 57 Idaho 707, 68 P.2d 50; Idaho Farms Co. v. North Side Canal Co., D.C., 24 F.Supp. 189; Application of Boyer, 73 Idaho 152, 248 P.2d 540; 93 C.J.S., Waters, § 193 c., p. 997.

■ There can be no abandonment or forfeiture if the non-user is prevented from exercising his right to the water by circumstances over which he has no control, or where claimant to the water to which such user is entitled is prevented from using it by the wrongful acts of another. Welch v. Garrett, 5 Idaho 639, 51 P. 405.

■ Further, defendant in this case did not apply the water it here claims to a bene-ficial use adverse to the prior owner. In fact, defendant has no land to irrigate and the evidence does not sustain the contention that defendant appropriated the water for the use of another.

What the remedy is or was for the failure of plaintiff, or his predecessor in interest, to pay the purported upkeep charge we do not decide. Such nonpayment did not authorize defendant company to shut off arbitrarily the water to which plaintiff was entitled, particularly where he was given no notice thereof and no demand was made on him for payment.

The purpose of the creation of defendant was to distribute to the landowners through the irrigation system water to which they were entitled, and not to confiscate water rights from stockholders or landowners.

■■ If defendant is to prevail in this case, it must be on the strength of its own title. Title to the water in question was clearly established as owned by plaintiff, and has never been forfeited or abandoned, nor has defendant secured title by subsequent appropriation.

It follows that the judgment is reversed and the cause remanded with instructions to the trial court to set aside the judgment and enter a judgment favorable to plaintiff quieting in him 1.6 cubic feet of water per second (80 inches) conformable to the decree of 1910, and requiring defendant to convey that water to him as well as the stored water represented by his right in

the Fremont-Madison Irrigation District subject to reasonable assessments for maintenance as are charged other users in defendant's system. The court will make all appropriate and necessary orders to carry the judgment when entered into effect. Plaintiff will be allowed his costs in the district court. Costs to appellant.

TAYLOR, C. J., ANDERSON and SMITH, JJ., and BAKER, District Judge, concur.

On Petition for Rehearing

KEETON, Justice.

Defendant's petition for rehearing asserts that the above opinion overrules the case of Farmers Co-op. Ditch Co. v. Riverside Irrig. Dist. Ltd., 14 Idaho 450, 94 P. 761, and in effect holds that it is necessary in order to appropriate water to a beneficial use that an application for a permit to the State Reclamation Engineer should be made.

The opinion does not overrule the holding in Farmers Co-op. Ditch Co. v. Riverside Irrig. Dist. Ltd., supra, nor does it hold that an application to appropriate water to the State Reclamation Engineer is necessary, nor does it hold that defendant cannot appropriate and own water.

The opinion simply holds that the water in question in this action was not appropriated or used by defendant, and the opinion is conformable to many precedents

long recognized and established. Petition for rehearing is denied.

TAYLOR, C. J., ANDERSON and SMITH, JJ., and BAKER, District Judge, concur.