## No. 19,747.

THE FARMERS IRRIGATION COMPANY, ET AL. *v.* THE GAME AND FISH COMMISSION OF THE STATE OF COLORADO.

(369 P. [2d] 557)

Decided February 19, 1962. Rehearing denied March 26, 1962.

Mr. FRANK DELANEY, for plaintiffs in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Mr. W. H. MOULTON, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

WE will refer to the parties as follows: Plaintiffs in error as plaintiffs or by name, and defendant in error as the commission.

The Farmers Irrigation Company, as trustee for its stockholders, owns and operates a ditch and reservoir system together with extensive lateral ditches for the distribution of water diverted from East Rifle Creek and applied by stockholders to beneficial use. Many stockholders of the company have joined as plaintiffs in the action. The complaint contains eighty-one separate claims all of which arise out of the same conduct of the commission, its agents and employees.

It is alleged, and admitted by the commission, that substantial quantities of water have been adjudicated to the Farmers Irrigation Company and that since 1887 such water has been applied by stockholders to various beneficial uses.

Plaintiffs allege in their complaint that in 1954 the commission, an agency of the State of Colorado, constructed a fish hatchery on Rifle Creek for the propogation of large quantities of fish and at all times since have operated and maintained it. The point of diversion to supply water from Rifle Creek for the water system operated by plaintiffs is approximately one-half mile downstream from the fish hatchery.

Although a number of individuals were named defendants in the action the issues now before us involve

only the commission as an agency of the State of Colorado. The trial court dismissed the action as to the commission and by proper order as provided by rule — made that judgment reviewable by this court even though as to other defendants the issues remain undetermined in the trial court.

Plaintiffs alleged in their complaint, inter alia:

"That said hatchery was stocked and put in operation in the year 1955; that ever since said date, the defendants have diverted practically all of the water of East Rifle Creek from its natural channel and into said fish hatchery, and into the various divisions and ponds therein; that defendants, in their operations, have placed large quantities of ground liver, flesh, and similar substances and other protein matter used for fish feed in the water diverted into and through said hatchery. Said feed becomes putrid and causes the odor of said water to become offensive, and likewise causes said water to become unwholesome and unfit to use for domestic purposes. Said water is turned back into the channel of Rifle Creek without the impurities, putrid flesh, and foreign matter being removed therefrom."

Plaintiffs further allege that said East Rifle Creek, a natural stream, has been poluted by defendant, whereby the water diverted by the Farmers Irrigation Company for use and benefit of its stockholders has acquired a bad and offensive odor and has become noxious, offensive, and unfit for human consumption; that plaintiffs are now unable to use said water for domestic purposes because of the unwholesome matter placed therein by defendants; that plaintiffs have no other source of supply for domestic uses and are compelled to haul water a considerable distance for such uses; that because of the acts of the commission set forth in the complaint the shares of stock and rights represented thereby and the real estate of said plaintiff stockholders, have depreciated in value and they have been damaged in the respective

amounts set forth by each of the plaintiffs in their separately stated claims.

Additional allegations contained in the complaint are as follows:

"That the right to the use of water taken from the natural streams of the State of Colorado for domestic use is a vested property right and has long since been recognized as property under the laws of the State of Colorado; that Section 15 of Article II of the Constitution of the State of Colorado provides that private property is not to be taken or damaged, for public or private use, without just compensation; that defendants have failed to pay said Company and its stockholders for the loss and damage caused by the acts of defendants, and refuse to pay any damages to plaintiff Company or its stockholders arising out of said acts; that no action has been instituted by or in behalf of the State of Colorado to condemn plaintiffs' property or to ascertain just compensation for taking or damaging the said property. Plaintiffs are informed and believe, and so allege, that defendants assert that they are immune from suit for their wrongful acts, as above alleged, in this Court or any other Court; that the State of Colorado and its officers have deprived plaintiffs of their property, contrary to and in violation of Section I of the XIV Amendment to the Constitution of the United States of America; that defendants have deprived plaintiffs of their property in the use of said water, contrary to Section 15 of Article II of the Constitution of the State of Colorado." Plaintiffs pray judgment against defendants in the respective amount of damages alleged by each of them, and in the alternative, if the court should determine that defendants are not answerable in damages or are immune from suit, then plaintiffs pray that defendants and each of them be enjoined and restrained from the commission of the acts complained of.

To the complaint the defendants through the Attorney

General moved for a dismissal of the action on the following grounds:

"1. That the action is an action against the State of Colorado in its sovereign capacity and the State of Colorado is immune from suit or process, whether at law or in equity, and neither the Game and Fish Commission of the State of Colorado, nor the State of Colorado, has consented to be sued.

"2. That the complaint filed herein fails to state a claim against the Defendants upon which any relief can be founded."

After hearing said motion the trial court entered an order which included the following:

"It is accordingly ORDERED by the Court that the Motion to Dismiss filed by the defendants is granted on behalf of the defendant The Game and Fish Commission of the State of Colorado, but is denied with reference to all other defendants herein.

"It is further ORDERED by the Court that the defendant, The Game and Fish Commission of the State of Colorado, is dismissed from hence without delay and that this action insofar as brought against the State of Colorado, only, is dismissed, with prejudice, at plaintiff's costs."

Question to be Determined.

*Are the allegations of the complaint sufficient to state a claim upon which plaintiffs are entitled to relief against the commission for having "taken or damaged" the private property of plaintiffs for public use without just compensation?*

 The question is answered in the affirmative. Article XVI, Section 5 of the Constitution of Colorado provides that:

"The water of every natural stream, not heretofore appropriated, within the state of Colorado, is hereby declared to be the property of the public, and the same is dedicated to the use of the people of the state, subject to appropriation as hereinafter provided."

Section 6 of the same Article contains the following:

"The right to divert the unappropriated waters of any natural stream to beneficial uses shall never be denied. Priority of appropriation shall give the better right as between those using the water for the same purposes; * * * "

A priority to the use of water for irrigation or domestic purposes is a property right and as such is fully protected by the constitutional guaranties relating to property in general.

Article II, Section 15 of the Colorado Constitution provides in pertinent part: "Private property shall not be taken or damaged, (for public or private use, without just compensation. * * * "

█ In this state all game and fish, not held under legally acquired private ownership, is the property of the state of Colorado. The Game and Fish Commission was created by the General Assembly for the purpose of preserving, conserving and propagating all forms of wild life in the state for the benefit of its citizens. The taking of the water for use in the operation of the hatchery was for a public purpose. The complaint sufficiently alleged that the commission diverted water from Rifle Creek and channeled it through the hatchery where it was so polluted as to render it unfit for the purposes to which it had theretofore been applied by plaintiffs, and that their property rights therein were destroyed or seriously damaged. Article II, Section 15 protects the owner of a water right from having it "taken or damaged for public or private use, without just compensation."

█ Ordinarily controversies involving this constitutional provision arise in proceedings in eminent domain but it does not follow that the protection afforded the property owner by said provision is limited to such matters. It is equally applicable to the fact situation alleged to be present in the instant case. The right of a person owning property to just compensation for the

taking or damaging of his property for public use is independent of the state's right of eminent domain. *The City and County of Denver, et al. v. Denver Buick, Inc., et al.,* 141 Colo. 121, 347 P. (2d); *Board of County Commissioners v. Adler,* 69 Colo. 290, 194 Pac. 621.

In view of the foregoing conclusion we need not consider the authorities cited by counsel for the parties relating to the claim of sovereign immunity from suit upon a claim for damages resulting from the torts of agents of the state. If plaintiffs prove the allegations of their complaint they would be entitled to relief in the form of "just compensation" for the property "taken or damaged" by the commission and they would be entitled to injunctive relief against a continuance of the taking or damaging of the water rights owned by them.

The judgment is reversed and the cause remanded for further proceedings consistent with the views herein expressed.

MR. JUSTICE SUTTON not participating.