No. 20883.

REINHOLD C. BEART, ET AL. *v.* THE CITY OF ARVADA, ET AL.
(412 P.2d 902)

Decided April 4, 1966.

490

RONALD LEE COOKE, for plaintiffs in error.

ROBERT H. SONHEIM, DALE HELM, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

WE refer to plaintiffs in error as the plaintiffs and to defendants in error as the defendants.

The action was commenced by the plaintiffs who sought to recover damages allegedly sustained as a result of the illegal operation by the defendants of a sewer system and sewage disposal plant. Plaintiffs also sought injunctive relief.

It was alleged in the complaint that the plaintiffs owned real estate in the city of Arvada upon which they operated a business known as the East Valley Mobile Home Park; that Ralston Creek runs through the property owned by the plaintiffs; and that the stream also runs through adjoining real estate owned by the city of Arvada upon which a sewage disposal plant is located and operated by the city of Arvada. It is then alleged in the complaint:

"7. That defendants and each of them have and had authority and power to select, hire and discharge employees of the City of Arvada and had authority and power and did in fact supervise employees of the City of Arvada, State of Colorado, in the conduct of work and operation of a sewerage disposal plant located at

5555 West 56th Avenue, Arvada, Colorado, for the benefit and promulgation of City activities and that defendants were negligent in the supervision and direction of the employees of the City of Arvada in the conduct of operating said City's sewerage disposal plant.

\* \* \*

"12. That from and since January 1, 1962, the defendants and each of them, have negligently and willfully supervised, caused and directed raw, untreated, and insufficiently treated sewerage and human excreta to be diverted and dumped into Ralston Creek in violation of the statutes of the State of Colorado and the public policy of the State of Colorado, to-wit: CRS 66-1-7(19) Supplement.

"13. That as a result of said diversion and dumping of raw, untreated and insufficiently treated sewerage and human excreta into Ralston Creek, there has been and now is a cretion of strong, offensive, and noxious odors and a breeding and collecting place for flies, mosquitos, and rats in, about and on the property of plaintiffs.

"14. That plaintiffs have given notice to defendant, City of Arvada, by mailing to the Clerk of the City of Arvada, registered mail, return receipt requested, a Notice of Personal and Property Injuries and Damages, plaintiffs' Exhibit 'A,' on the 31st day of August, 1962, which Exhibit 'A' is attached hereto and by reference made a part hereof.

"15. That by reason of the acts of defendants and each of them as herein alleged, plaintiffs trailer court has been and will be vacated by tenants; that plaintiffs have been and will be unable to rent to vacated trailer spaces; and that as a result thereof plaintiffs have lost rent in the sum of $1,000.00 to date and will incur in the future additional loss of rent in an amount which they are yet unable to determine; and that their property has been depreciated and its reputation has been permanently damaged as a result thereof. \* \* \*"

Additional claims for relief are based upon alleged impairment of plaintiffs' health and for recovery of medical expenses, maintenance by the defendants of a public and private nuisance, exemplary damages, taking of private property for public use without compensation, and loss of use of property without due process of law.

The defendants filed a "Motion to Dismiss" on the ground that the complaint "fails to state a cause of action on which relief may be granted." This motion was heard on February 5, 1963, and was sustained. The only thing that is disclosed by the record in connection with the ruling of the trial court is the entry of an order that "Defendant's Motion to Dismiss granted."

The plaintiffs thereafter filed a "Petition for Rehearing or Motion for New Trial" which was denied by the trial court. At that time the trial court commented as follows:

"As counsel knows, this matter was argued at considerable length and then the court took it under advisement and took quite a while to study the various cases and the matters involved. At this time the petition for rehearing, or motion for a new trial is denied. I don't think you can listen to a case like this without having to take into judicial notice a little bit about the situation and trying to understand somewhat the problems involved. That is one of the reasons why I immediately allowed the motion to dismiss as to the individuals, because it is difficult for this court to know what an agent of the city does when the sewage facilities become overloaded and there is no secondary treatment. There isn't anything left to do. That is probably looking ahead at the evidence. But knowing the situation in this county for some time and being or having been connected with several districts that have this same problem this is undoubtedly what happens. The only thing left would be that the city council of Arvada would be found wrong for not having a secondary treatment plant to take care of the rapid growth that is happening in that area. And

again it falls back on the fact that the basic duty here to enforce this is the State Health Department and only recently have they been taking any action. And this court knows that the City Council of Arvada has been one of the ones that have been foremost in the formation of Metropolitan Sewage Disposal Systems which the court feels is the right answer to this situation. And since that is what happened it would be difficult to show that the council hasn't anyway overlooked their job or didn't do all that they could within their power. I mean I sympathize with the plaintiff in the problems that arise in a situation of this nature, but it isn't only in this town it is throughout the whole southern part of the county that this happens. However, I am sort of anticipating evidence, I imagine, in that. I feel that the notice was not sufficient and therefore that would be enough grounds on that part. So that the petition for rehearing will be denied."

If the reason for dismissal of the action was insufficiency of the notice allegedly given to the city as set forth in paragraph 14 of the "First Cause of Action," then the trial court erred in reaching that conclusion. If the reason for dismissal was that the trial court purported to take "judicial notice a little bit about the situation" it is sufficient to state that "judicial notice" cannot be taken with regard to matters which the trial court had in mind. This must have been apparent to the court because specific reference was made in the comments of the trial judge to the effect that he was "probably looking ahead at the evidence," and again, "However, I am sort of anticipating evidence, I imagine, in that."

From any statement appearing of record we cannot ascertain with certainty the reasons upon which the court based its order of dismissal. Whatever they may have been we conclude that the facts alleged in the several separately stated counts were sufficient, if established by a preponderance of the evidence, to entitle the plaintiffs to relief. The *Farmers Irrigation*

*Company v. The Game and Fish Commission*, 149 Colo. 318, 369 P.2d 557.

The judgment is reversed and the cause remanded for further proceedings consistent with the views herein expressed.

MR. JUSTICE FRANTZ and MR. JUSTICE SCHAUER concur.