647 P.2d 1256

**Keith Ferrin JENKINS,
Applicant-Appellant,**

v.

**STATE of Idaho, DEPARTMENT OF WATER RESOURCES, Elwin Bradshaw; Steve Buckland and Gladys Buckland, Sherman Halverson; Jack R. Hamilton; Blaine Smith; and Harold Siddoway, Protestants-Respondents,**

and

**Alvin W. Muns & Sons, Inc., Protestants.**

No. 13705.

Supreme Court of Idaho.

July 8, 1982.

---

G. Rich Andrus of Rigby, Thatcher, Andrus, Barton and Walters, Chtd., Rexburg, for applicant-appellant.

Kent W. Foster of Holden, Kidwell, Hahn & Crapo, Idaho Falls, for protestants-respondents, Bradshaw, et al.

David H. Leroy, Atty. Gen., Don A. Olowinski, Howard Carsman and Phillip J. Rassier, Deputy Attys. Gen., Boise, for protestant-respondent, Dept. of Water Resources.

SHEPARD, Justice.

This is an appeal from an order of the district court which affirmed the director of the Department of Water Resources denial of appellant Jenkins' application to transfer the point of diversion of his decreed water right. We affirm.

Jenkins is the owner of 280 acres of land near the town of Kilgore in Clark County, Idaho. Appurtenant to that property are two separate water rights, one for 2.4 cfs of water from Cottonwood Creek, and the second for 3.2 cfs of water from Ching Creek. Those water rights were adjudicated by decree of federal court in 1930. Both creeks flow southerly in a generally parallel

direction from the mountains of Targhee National Forest. Ching Creek is the more easterly and the Jenkins property is located further east of Ching Creek. There is a series of channels approximately 2 miles in length running easterly from Cottonwood Creek to Ching Creek that are the principal subject of this dispute. It is contended by appellant Jenkins that the water representing his Cottonwood right flows from Cottonwood Creek through channels into Ching Creek from whence it is diverted by him together with the water representing his Ching Creek right.

In 1978, Jenkins filed an application with the Department of Water Resources, seeking to transfer the point of diversion for his Ching Creek water right to the location of a recently built headgate. At that time an examination of the records indicated that the decreed point of diversion for Jenkins' Cottonwood right was not located on any stream. Jenkins filed an amended application to transfer the point of diversion of the Cottonwood right and locate that point of diversion on Cottonwood Creek.

Several water users on both Ching and Cottonwood Creeks protested these proposed transfers, and the district water master recommended that the Department deny the transfer of the Cottonwood right. A hearing was held thereon at which all parties were represented by counsel. Thereafter the director of the Department issued an order granting the transfer of the point of diversion of the Ching Creek right but denying the transfer of the point of diversion of the Cottonwood Creek right. The director found that no water had been diverted from Cottonwood Creek for use on Jenkins' land for the previous 18 years. He also found that waters of both Ching and Cottonwood Creeks were overappropriated. He concluded that to allow a resumption of use of the Cottonwood right would represent an enlargement of the use over the prior 18 years, that the water users would be injured thereby, and that I.C. § 42–222 authorized denial of an application in such circumstances. The director relied upon that portion of I.C. § 42–222 which provides for the forfeiture of a water right not used for five years.

From that decision of the director, Jenkins appealed to the district court. At the outset Jenkins contended that the Department lacked jurisdiction to determine an abandonment or forfeiture and objected to the district court making such a determination on appeal from a decision of the Department. The district court reserved judgment on that issue and held a trial de novo.

At trial much of the testimony centered on the physical nature of the channels connecting Cottonwood Creek with Ching Creek with appellant's testimony indicating that water regularly flowed from Cottonwood to Ching Creek, and protestants' testimony indicating that the physical characteristics of the channel indicated that they carried only spring run off and that the only regular flow of water in the area during the summer occurred in two channels of another creek, tributary to Ching Creek, known as Little Creek.

The trial court found that water from Cottonwood Creek only flowed to Ching Creek irregularly during the spring run off and that any such contribution was not the result of a physical diversion. The court also found that Jenkins took only 3.2 cfs of water from Ching Creek which was the amount he was entitled to under his Ching Creek right, and therefore he received no water in excess of his Ching Creek right, which could be construed as Cottonwood right water. The court also found that there was insufficient water in the two creeks to meet the then present demand. The court held that the director of the Department had jurisdiction to determine the issues of abandonment or forfeiture as a part of his determination of injury to other water rights, and that even if the director was without that jurisdiction, the district court hearing the case de novo did have the necessary jurisdiction to make that determination. The court affirmed the decision of the director of the Department in all respects.

On appeal here Jenkins reasserts his contention that neither the Department nor

the district court on appeal from the Department's decision had jurisdiction to determine the question of abandonment of a water right in a transfer proceeding. Jenkins relies primarily on the case of *Twin Falls Canal Co. v. Shippen*, 46 Idaho 787, 271 P. 578 (1928). In *Shippen*, the Court, noting "the record fails to show that appellants [protestants] were in any manner injured by the transfer," indicated "[i]n a proceeding to change the point of diversion of water the question of abandonment of priority is not *generally* before the court, if a proper objection be made thereto ... [a]nd is a matter to be settled in some other appropriate proceeding." *Id.* at 791, 271 P. at 579 (emphasis added). Jenkins argues that here a proper objection was made and the district court was foreclosed from inquiring into the abandonment or forfeiture of his Cottonwood water right. In *First Security Bank v. State*, 49 Idaho 740, 291 P. 1064 (1930), the Court indicated that in a transfer proceeding injury to other appropriators should be considered. The Court stated therein:

> "While the question of abandonment as such is to be settled in some other appropriate proceeding (*Twin Falls Canal Co. v. Shippen*, 46 Ida. 787, 271 Pac. 578) in an action involving a change in the place of diversion, the reasons why the change will or will not injure other appropriators may be considered, as indicated by the latter portion of the case cited."

49 Idaho at 745, 291 P. at 1066. *See also In re Department of Reclamation*, 50 Idaho 573, 300 P. 492 (1931). In *Application of Boyer*, 73 Idaho 152, 248 P.2d 540 (1952), the Court was again presented with the question of abandonment raised in a transfer proceeding. There the Court noted that the issues of abandonment and forfeiture, although timely objected to, had been presented and passed on and the Court intended to also consider and pass upon the question. Chief Justice Givens, who was the author of *First Security Bank v. State, supra*, wrote for a unanimous court stating:

> "We have rather parenthetically held that the question of abandonment it [sic] not pertinent in a proceeding of this kind.

*Twin Falls Canal Co. v. Shippen*, 46 Idaho 787, 271 P. 578; *First Security Bank v. State*, 49 Idaho 740, 291 P. 1064; *Harris v. Chapman*, 51 Idaho 283, 5 P.2d 733. Foregoing such pronouncement, to avoid a multiplicity of suits, and since, though respondent timely objected, this issue was presented and passed on, we meet and decide the point without circumlocution." *Application of Boyer*, 73 Idaho at 158, 248 P.2d at 543. As it existed at the time pertinent to this proceeding I.C. § 42–222(1), provided in pertinent part:

> "The director of the department of water resources shall examine all the evidence and available information and shall approve the change in whole, or in part, or upon conditions, provided no other water rights are injured thereby and the change does not constitute an enlargement in use of the original right."

Based on the foregoing decisions and statute, we conclude that the director of the Department of Water Resources has jurisdiction to determine the question of abandonment and forfeiture and such is required as a preliminary step to performance of his statutory duty in determining whether or not the proposed transfer would injure other water rights. While ordinarily abandonment and forfeiture are to be determined in a separate proceeding, it is clear that when a water right is sought to be transferred and protestors allege that it has been abandoned or forfeited, and that to allow resumption of that right would cause some injury, a determination of abandonment or forfeiture is necessary for the performance of his powers of determining injury. The director is statutorily required to examine all evidence of whether the proposed transfer will injure other water rights or constitute an enlargement of the original right, and evidence which demonstrates that the right sought to be transferred has been abandoned or forfeited, is probative as to whether that transfer would injure other water rights. If a water right has indeed been lost through abandonment or forfeiture, the right to use that water reverts to the state and is subject to further

appropriation. I.C. § 42–222(2); *Graham v. Leek*, 65 Idaho 279, 144 P.2d 475 (1943). Other parties may then perfect a water right in those waters. *Sears v. Berryman*, 101 Idaho 843, 623 P.2d 455 (1981); *Gilbert v. Smith*, 97 Idaho 735, 552 P.2d 1220 (1976). Hence a person making a subsequent appropriation will be injured by resumption of the abandoned or forfeited water right. If a senior right has been abandoned or forfeited, the priority of the original appropriator is lost, *Sears v. Berryman, supra*, and the junior appropriators move up the ladder of priority. If a senior right which had been forfeited or abandoned were allowed to be reinstated through a transfer proceeding, clearly injury would result to otherwise junior appropriators. Priority in time is an essential part of western water law and to diminish one's priority works an undeniable injury to that water right holder. *See* Id. Const.Art. 15, § 3; *Martiny v. Wells*, 91 Idaho 215, 419 P.2d 470 (1966). *See also Farmers Irrigation Co. v. Game & Fish Comm'n.*, 149 Colo. 318, 369 P.2d 557 (1962); *Holmstrom Land Co. v. Meagher County Newlan Creek Water Dist.*, 605 P.2d 1060, 1069 (Mont.1979).

Jenkins also argues that I.C. § 42–222(1) speaks of an "enlargement in use of the original right", and that he is not seeking to enlarge the use over the decreed amount. While we may concede arguendo that Jenkins is not attempting to enlarge the original use of his decreed right, the statute provides that the director "shall approve" the transfer "provided" two conditions are met, *i.e.*, that no other water rights are injured, *and* that the original use is not enlarged. Hence if either of the two conditions are not met, there is no authorization to approve the proposed transfer.

▮ Since we hold that the director of the Department had the necessary jurisdiction to determine questions of abandonment and forfeiture, it is clear that on appeal from that decision the district court acquired jurisdiction over the entire controversy. *Beecher v. Cassia Creek Irrigation Co.*, 66 Idaho 1, 154 P.2d 507 (1944); *In re Rice*, 50 Idaho 660, 299 P. 664 (1931).

Jenkins next asserts that the findings of the district court are insufficient upon which to base a conclusion that his Cottonwood Creek water right was lost through abandonment or forfeiture. We note initially that care must be taken in this type of proceeding to distinguish between abandonment and forfeiture. Each is a related concept but each carries with it distinctive requirements. In the past this Court has used the terms interchangeably, resulting in some confusion. That confusion was compounded by a former statute, now repealed, 1932 I.C.A. § 41–216 (1940 Supp.), which stated that water rights would be "lost and abandoned" by five years of failure to apply them to beneficial uses. It was not until 1944 that this Court clearly pointed out the distinction between the two terms in *Carrington v. Crandall*, 65 Idaho 525, 532, 147 P.2d 1009 (1944). *See* Hutchins, *The Idaho Law of Water Rights*, 5 Id.L.Rev. 1, 73 (1968). In *Carrington* it was pointed out that forfeiture is a statutory procedure, but that an "actual" abandonment could occur outside the statutory requirements. In the interim, other cases have used the terms interchangeably, *e.g.*, *Hodges v. Trail Creek Irrigation Co.*, 78 Idaho 10, 297 P.2d 524 (1956); *Application of Boyer*, 73 Idaho 152, 248 P.2d 540 (1952). However, this Court has recently reaffirmed that those terms relate to different legal concepts in accordance with *Carrington, supra. Sears v. Berryman*, 101 Idaho 843, 623 P.2d 455 (1981); *Gilbert v. Smith*, 97 Idaho 735, 552 P.2d 1220 (1976). As stated in *Sears v. Berryman, supra*:

"Abandonment is a common law doctrine involving the occurrence of (1) an intent to abandon and (2) an actual relinquishment or surrender of the water right. Forfeiture, on the other hand, is predicated upon the statutory declaration that all rights to use water are lost where the appropriator fails to make beneficial use of the water for a continuous five year period. I.C. § 42–222(2)."

101 Idaho at 847, 623 P.2d at 459.

▮ Intent to abandon must be proved by clear and convincing evidence of un-

equivocal acts, and mere non-use of a water right, standing alone, is not sufficient for a *per se* abandonment. *Sears v. Berryman, supra; Gilbert v. Smith, supra.* Intent to abandon is a question of fact to be decided by the trier of fact. *Sears v. Berryman, supra.* As in *Sears*, there was no finding by the trial court, nor by the director of the Department, that Jenkins intended to abandon his Cottonwood water right. The record shows only non-use, disclosing no intent to abandon, and hence Jenkins did not lose his water right by common law abandonment.

We then proceed to a determination of whether the findings are sufficient to support a determination of a statutory forfeiture. Jenkins argues that the court below found no point of diversion on Cottonwood Creek for the 2.4 cfs of decreed water, and such was erroneous in view of the decree of the federal court. That decree was an unreported decision of the federal district court in *Suave v. Abbot*, decided in 1930. That decree establishes that there had been a diversion on Cottonwood Creek and that the water was beneficially used upon the land to which it is appurtenant up to the time of the decree. *Morgan v. Udy*, 58 Idaho 670, 79 P.2d 295 (1938). Hence, it is established that until the time of that decree, Jenkins' predecessor in interest was using the 2.4 cfs of Cottonwood water. The decree does not establish that the 2.4 cfs of water has continued to flow from one creek to the other, nor does it establish that Jenkins or his predecessors continued to apply that water to a beneficial use on the land following the 1930 decree.

■ Statutory forfeiture is based upon the legislative declaration in I.C. § 42–222(2) that water rights may be lost if they are not applied to a beneficial use for a period of five continuous years. *Gilbert v. Smith*, 97 Idaho 735, 738, 552 P.2d 1220, 1223 (1976). Certain defenses to forfeiture have been recognized. Extension of the five year period may be made upon a showing of good cause, providing the application for extension is made within the first five-year period. I.C. § 42–222(2). Also wrongful interference with a water right or failure to use the water because of circumstances over which the water right holder has no control have been recognized as defenses. *Alamo Water v. Darrington*, 95 Idaho 16, 501 P.2d 700 (1972); *Hodges v. Trail Creek Irrigation Co.*, 78 Idaho 10, 297 P.2d 524 (1956); *Welch v. Garrett*, 5 Idaho 639, 51 P. 405 (1897). Further, if use of the water right is resumed after the five year period, but before any third parties make a claim in the water, then the courts will decline to declare a forfeiture. *Application of Boyer*, 73 Idaho 152, 248 P.2d 540 (1952); *Wagoner v. Jeffery*, 66 Idaho 455, 162 P.2d 400 (1945); *Carrington v. Crandall*, 65 Idaho 525, 147 P.2d 1009 (1944). Here Jenkins has raised none of these defenses, and the record is devoid of any evidence to indicate that any of the established defenses would be applicable even if argued. The entire case was tried and appealed on Jenkins' theory that he had used the Cottonwood water the entire time.

■ Forfeitures are not favored, and clear and convincing proof is required to support a forfeiture. *Gilbert v. Smith*, 97 Idaho 735, 552 P.2d 1220 (1976); *Application of Boyer*, 73 Idaho 152, 248 P.2d 540 (1952); *Carrington v. Crandall*, 65 Idaho 525, 147 P.2d 1009 (1944). Here it was found that Jenkins had not used his Cottonwood water right for 18 years, *i.e.*, 1961–1979. It is clear that the director of the Department of Water Resources relied on the forfeiture statute in his decision, and that decision was affirmed by the trial court "in all respects". While the record could have been made more clear by a specific conclusion of the trial court as to forfeiture, we do not deem such absence to be fatal here.

■ In abandonment and forfeiture cases, this Court has applied the rule that when there is substantial but conflicting evidence to support the findings of the trial court, those findings will not be disturbed on appeal. *Carrington v. Crandall*, 65 Idaho 525, 147 P.2d 1009 (1944); *Graham v. Leek*, 65 Idaho 279, 144 P.2d 475 (1944); *Knutson v. Huggins*, 62 Idaho 662, 115 P.2d 421

(1941). Here the evidence before the trial court was conflicting in numerous issues, *i.e.*, there was dispute over how much water Jenkins used, how many acres it was applied to, the amount and frequency of water flow in the channels between Cottonwood and Ching Creeks, and the soil porosity of those channels. The court found against Jenkins on all of those issues. There is substantial, albeit conflicting, evidence indicating that Jenkins failed to use Cottonwood Creek water for a beneficial use between 1961 and 1979, a period of 18 years. The water master testified that he had delivered water from the two creeks for those 18 years, but has not delivered nor been requested to deliver to Jenkins the 2.4 cfs water out of Cottonwood Creek. The trial court found that the channels from Cottonwood Creek to Ching Creek do not carry a regular flow of water except during the spring runoff. Those facts are supported by clear and convincing evidence, and support the conclusion of statutory forfeiture.

We have examined Jenkins' remaining assignments of error and find them to be without merit.

Accordingly, we affirm the order of the district court, which in turn affirmed the decision of the Director of the Department of Water Resources which denied the application for the transfer of the point of diversion of Jenkins' Cottonwood water right. Costs to respondents.

McFADDEN, BISTLINE and DONALDSON, JJ., concur.

BAKES, Chief Justice, concurring specially:

I concur in the action of the Court in affirming the district court's denial of the change in the decreed point of diversion for Jenkins' Cottonwood right. However, much of what the majority says I cannot agree with in this case, and, therefore, concur only in the result reached by the majority opinion.